VRADENBURG, APPELLANT, *v.* OHIO REAL ESTATE COMMISSION, APPELLEE.

(No. 82AP-96—Decided December 23, 1982.)

*Messrs. Frick & Voltolini* and *Mr. Bruno E. Voltolini,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Michael L. Squillace,* for appellee.

MOYER, J. This matter is before us on the appeal of Gary D. Vradenburg ("Vradenburg") from a judgment of the Court of Common Pleas of Franklin County affirming an order of appellee, Ohio Real Estate Commission, which found Vradenburg had violated R.C. 4735.18 (F), and imposed a ten-day suspension of Vradenburg's realtor license.

Most of the facts are not in dispute. Vradenburg is a licensed real estate salesman who worked with H.E.R. Realtors at the time of the incident in question. Vradenburg executed an exclusive listing contract on real estate located on Clime Road in Columbus, Ohio on February 24, 1980. Upon the representation of the sellers that their house was located in the Southwestern school district, Vradenburg entered that information on the listing card, which eventually appeared on the multiple listing card. There is no dispute that the sellers believed they lived in the Southwestern school district.

Vradenburg made no other investigation or inquiries regarding the status of the school district, even though he had access to the county auditor's parcel number of the property which indicated that the subject property was in the Columbus school district rather than the Southwestern school district.

The buyers of the property, who had a school-age child and lived in Gallipolis, relied upon the information on the multiple listing service card in believing that the residence upon which they made an offer was located in the Southwestern school district. One of the buyers testified that, between the time the contract was signed and the closing, he requested his realtor, Louise White, to double check the school system and was told again a couple of days later that the house was in the Southwestern school district. The buyer also testified that the school district in which the house was located was the most important factor in the decision he and his wife made to purchase the house.

White testified that she made three inquiries regarding the school district. The first was answered by someone in the H.E.R. office other than Vradenburg; the second was her inquiry to Vradenburg

regarding the name of the school the buyers' child would be attending, to which she stated Vradenburg responded that it was the school down the street; and the third time was approximately a week to ten days before the closing when, at the request of the buyers, she asked Vradenburg to double check to make sure the school was in the Southwestern school district. Vradenburg called her back within an hour and a half and told her it was in the Southwestern school district. White conveyed that information to the buyers.

Vradenburg did not recall the third telephone conversation, but said that, if he had been asked to double check the status of the school district, he would have done nothing more than refer to the multiple listing contract.

After the buyers moved into the house and learned that their child did not attend Southwestern schools, but, rather, Columbus schools, they filed a complaint with the Ohio Real Estate Commission.

Appellant asserts the following two assignments of error in support of his appeal:

"1. The Court of Common Pleas erred in relying on the decision of the Ohio Real Estate Commission because the Commission failed to state the evidence which supported overturning the decision of the hearing Examiner and because the Commission's decision was not supported by the reliable, probative or substantial evidence and was not in accordance with law.

"2. The Real Estate Commission and Court of Common Pleas erred in finding that the appellant (license) [sic] did not meet the standard of care required by the Ohio Real Estate licensing law."

The assignments of error are interrelated and are considered together.

R.C. 4735.18, as amended November 7, 1979, gives the Ohio Real Estate Commission the authority to suspend or revoke any license of a real estate broker or real estate salesman who, in any trans-action involving the sale of an interest in real estate, is guilty of:

"(F) Dishonest or illegal · dealing, gross negligence, incompetency, or misconduct * * *."

The issue presented by this appeal is a question of law, because the important facts are not in dispute. The question is whether the conduct of Vradenburg, in relying entirely upon the representations of the sellers with respect to the school district in which the sellers' house is located and causing the buyers to thereby rely upon said representations, can be deemed gross negligence. There is no question from the testimony that the school district in which the house was located was an important factor to the buyers when they offered to purchase the house; that they relied upon the representations of their realtor, who in turn relied upon representations of Vradenburg and the multiple listing service card prepared by him; that Vradenburg relied entirely upon the representations of the sellers in preparing the listing card and that the sellers honestly believed and had reason to believe that their house was located in the Southwestern school district. Even the county board of elections apparently was confused, as one of the sellers testified she voted for Southwestern school levies.

By signing the listing contract, Vradenburg represented that he personally inspected the property and certified that the information on the listing contract was accurate. He also entered the parcel number on the listing contract, the first two digits of which designate the taxing district of the property. The school district can then be ascertained by referring to a book or by checking at the court house. Vradenburg performed neither of these acts.

In arguing that his conduct does not constitute gross negligence, Vradenburg refers to the testimony of two realtors who testified that it is the custom in Franklin County to rely upon the sellers

for information regarding the school district in which their house is located. However, one of the realtors testified that, if he was required to respond to a second inquiry from a prospective purchaser regarding the school district, he would double check it by talking to a neighbor or by calling the school board office if the request came during the week. The other realtor indicated he would continue to rely upon the multiple listing service information and the representations of the seller, even if the sellers had no school-age children.

In 1980, the Ohio Supreme Court recognized the authority of an administrative licensing board in a disciplinary action to rely upon its own expertise in deciding whether a standard of practice has been met. In the case of *Arlen* v. *State* (1980), 61 Ohio St. 2d 168 [15 O.O.3d 190], the court held that:

"* * * [E]xpert testimony as to a standard of practice is not mandatory in a license revocation hearing and the board may rely on its own expertise to determine whether a physician failed to conform to minimum standards of care." *Id.* at 172.

The board in the *Arlen* case was the State Medical Board, which, like the Ohio Real Estate Commission, is composed at least in part of persons who are licensed to engage in the business over which they exercise licensing and disciplinary control as members of a state commission.

The court's holding in *Arlen* is applicable to the case before us and the testimony of the expert witnesses may be given such weight as the real estate board deems appropriate. As the court further observed:

"* * * Expert opinion testimony can be presented in a medical board proceeding, but the board is not required to reach the same conclusion as the expert witness. The weight to be given to such expert opinion testimony depends upon the board's estimate as to the propriety and reasonableness, but such testimony is not binding upon such an experienced and professional board." *Id.* at 174.

The next question is whether the board, applying its expertise in the field of licensing and disciplining real estate salespeople, reached a conclusion that is supported by reliable, probative and substantial evidence and is in accordance with law. *Dept. of Liquor Control* v. *Santucci* (1969), 17 Ohio St. 2d 69 [46 O.O.2d 402].

Because the term "gross negligence" is not defined in R.C. Chapter 4735 and because it is not subject to a definition that applies in all cases, considerable discretion must be given a licensing and disciplinary commission when it determines whether the term applies to a specific set of facts. Article 5.3 of the Canons of Ethics of the Real Estate Industry, a copy of which is not a part of the record but which is cited by appellee, provides that:

"The licensee should ascertain all pertinent facts concerning every property for which he accepts the agency, so that he may fulfill his obligation to avoid error, exaggeration, misrepresentation, or concealment of pertinent facts."

It is clear that Vradenburg did not ascertain all the pertinent facts concerning the property in this case. His testimony that, even upon a request of the buyers' realtor that he double check the school district, he would continue to rely upon the representation of the sellers indicates a failure on his part to fulfill his obligation to avoid error. We cannot say, as a reviewing court, that the real estate commission, which is composed of persons with real estate licenses who are presumably engaged in the real estate business, erred as a matter of law in concluding that Vradenburg's conduct constituted gross negligence. Because the facts are virtually undisputed, there is no question that the judgment is supported by reliable, probative and substantial evidence. While Vradenburg cites the testimony of the seller, which indicates

the reasons the seller thought he lived in the Southwestern school district, there is no indication that Vradenburg knew the reasons for the sellers' representations at the time the listing contract was signed.

Because the judgment of the trial court is supported by reliable, probative and substantial evidence and is in accordance with law, the assignments of error are overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and MCCORMAC, J., concur.