**LEWIS, Appellant,**

v.

**OHIO DEPARTMENT OF COMMERCE, DIVISION OF REAL ESTATE, Appellee.**

[Cite as *Lewis v. Ohio Dept. of Commerce, Div.*
*of Real Estate* (1993), 86 Ohio App.3d 224.]

Court of Appeals of Ohio,
Montgomery County.

No. 13505.

Decided Feb. 8, 1993.

*Alan A. Biegel,* for appellant.

*Lee Fisher,* Attorney General, and *Amy Nash Golian,* Assistant Attorney General, for appellee.

KERNS, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Montgomery County affirming a decision of the Ohio Real Estate Commission which suspended the real estate license of the appellant, E.G. Lewis, for thirty days, with fifteen days of the suspension waived due to mitigating circumstances. In suspending the appellant's license as a real estate broker, the appellee adopted the conclusion of its hearing examiner that Lewis was guilty of dishonest dealing and misconduct in violation of R.C. 4735.18(A)(6).

According to the facts, Lewis owned a residence located at 106 Gunckel Avenue in Dayton, Ohio, and Bradley and Ruth Bowman were interested in purchasing the home. However, since the Bowmans did not have the necessary down payment to qualify for a loan to complete the purchase, Lewis proposed allowing them to move into the property and pay rent for a period of time and then to convert those payments to credit for the down payment on the house.

Thereafter, the appellant contacted Richard Barry, who was a loan officer at CitFed Mortgage Corporation where the Bowmans would obtain financing and explained the proposal to him, after which Barry told Lewis that CitFed would permit the conversion of rent to earnest money.

Subsequently, Lewis and the Bowmans signed a contract which stated that the Bowmans had deposited $1,000 in earnest money, and it also stated that such money would be deposited into the appellant's trust account. After the Bowmans had made some improvements to the residence, a new contract form was

completed which provided that $2,000 had been deposited with Lewis, but no earnest money was actually paid by the Bowmans to Lewis at the signing of either of the contracts. In fact, the evidence shows that all parties to the transaction discussed the plan to convert rent to earnest money.

In this appeal, the appellant has set forth two assignments of error as follows:

"1. The lower court erred in affirming the decision of the Ohio Real Estate Commission that dishonest dealings by appellant had occurred.

"2. The lower court erred in affirming the decision of the Ohio Real Estate Commission that misconduct by appellant had occurred."

In enacting R.C. 4735.18(A)(6), the General Assembly established four separate categories of punishable conduct, including dishonest or illegal dealing, gross negligence, incompetency, or misconduct, and the Real Estate Commission undoubtedly has broad discretion in determining whether any of such categories embraces a particular factual pattern. See *Vradenburg v. Ohio Real Estate Comm.* (1982), 8 Ohio App.3d 102, 8 OBR 136, 456 N.E.2d 573.

In the present case, the evidence amply shows that the admitted misrepresentations of critical elements of the real estate contract, as prepared by the appellant, constituted a form of misconduct which was contemplated by the applicable statute. In fact, such a flagrant disregard for the contractual realities of the situation undoubtedly could promote misunderstandings, encourage litigation, and otherwise reflect unfavorably upon the real estate business.

In such cases, real estate brokers are held to a high standard of professional conduct, and the unprofessional conduct, as exemplified by the false representations in the contract between the Bowmans and Lewis, cannot be comfortably clothed with good intentions. See *Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate* (1990), 48 Ohio St.3d 74, 549 N.E.2d 509. Hence, the second assignment of error is without merit, but the first assignment of error, in the context of the evidence presented in this case, poses a more difficult problem.

In everyday parlance, as well as by precise dictionary definition, a charge of dishonesty carries much graver implications than a charge of misconduct, and proof of dishonesty imposes a more demanding burden than proof of misconduct.

Ordinarily, dishonest dealing in the real estate business, as well as in any other profession, involves some type of deception, but neither the Bowmans nor Barry were deceived by the conduct of the appellant during the transaction described herein. On the contrary, all of the parties knew all of the facts about the plan adopted to effect the sale of the real estate, and nothing appears in the record to suggest that Lewis was bent upon hiding any of the particulars of the contract or misleading either of the other parties to the transaction during the preparatory

discussions of the matter. No lying, fraud, cheating, or any of the other typical ingredients of dishonest dealing surfaced during the negotiations. In fact, all of the parties knew that no earnest money had been actually paid, and all were apprised of the course which the contract was to take. Thus, the conduct of the appellant, however reprehensible, did not descend to the level of dishonest dealing, and the first assignment of error is well made.

Accordingly, the judgment of the court of common pleas will be reversed in part and affirmed in part, and the cause will be remanded to the Ohio Real Estate Commission for reconsideration of its suspension order.

*Judgment accordingly.*

BROGAN and FAIN, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.