MORAN, Appellant,

v.

OHIO DEPT. OF COMMERCE, DIVISION OF REAL ESTATE, Appellee.

[Cite as *Moran v. Ohio Dept. of Commerce, Real Estate Div.* (1996), 109 Ohio App.3d 494.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 95CA0063.

Decided Feb. 21, 1996.

*John E. Johnson, Jr.,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Nancy H. Rogoff,* Assistant Attorney General, for appellee.

---

SLABY, Judge.

Robin Moran appeals from the trial court's affirmance of a decision by the Ohio Department of Commerce, Division of Real Estate. We affirm.

In the fall of 1993, Moran, who owns a maid service, stole and forged four checks, for a total of $160, from one of her customers. She was indicted on one count of theft and four counts of forgery on February 14, 1994; she pleaded not guilty to the charges on February 23.

On March 30, 1994, Moran applied to take the Ohio real estate sales licensing examination. The application included a question asking. Moran whether she had ever been convicted of any unlawful conduct. Moran checked the box marked "no" for this question.

Moran changed her plea to guilty on April 5. The trial court postponed sentencing pending a presentencing report. On May 3, after failing the license examination, Moran again applied to take the test. As in her previous application, she indicated that she had never been convicted of any unlawful conduct. The next day, she was sentenced on the theft and forgery charges, all of which were fourth-degree felonies. The sentences were not journalized until May 12. Moran passed the license examination and received her sales license on June 24.

On August 23, 1994, the Division of Real Estate learned that Moran had been convicted on the theft and forgery charges. Soon thereafter, the division's superintendent filed a complaint against Moran, charging her with violations of R.C. 4735.18(A)(6) and (A)(8). The matter proceeded to a hearing before one of the division's hearing examiners. In his report, the examiner stated:

"The focal point of this case is [Moran's] answering 'no' to question ten on her May 3, 1994, sales application to the question, 'Have you ever been convicted of any unlawful conduct (excluding minor traffic violations)?' "

The examiner recommended finding that Moran did not violate the Ohio Revised Code because she had not been convicted of the theft and forgery charges at the time she completed her application.

The hearing examiner's report and recommendations were reviewed by the Ohio Real Estate Commission. The commission found that Moran violated R.C. 4735.18(A)(6) and (A)(8), stating:

"The Commission modified Conclusion of Law No. 5 by rejecting the Hearing Officer's finding that Ms. Moran's response to Question No. 10 on her sales application was the focal point of the case. The Commission instead found that the evidence supported a finding of a continuing pattern of deceit and avoidance by the applicant (Moran). The facts were further found to support a finding that Ms. Moran attempted to prevent the knowledge of her convictions from being a part of the agency's consideration of her application. The Commission further modified Conclusion of Law No. 7 by rejecting the Hearing Officer's conclusion that there is no reporting requirement written in the existing law. The Commission specifically found that a failure to report material changes of an application reflects on the * * * applicant's honesty, truthfullness [sic] and good reputation. Such failure to update an application supports a violation of misconduct under Ohio Revised Code 4735.18(A)(6)."

Moran appealed to the Wayne County Court of Common Pleas, which affirmed on the basis that the commission's decision was supported by reliable, probative, and substantial evidence.

Moran appeals and assigns two errors; we consider the assigned errors together:

I. "The lower court erred by affirming the order of the Ohio Real Estate Commission when said order was not supported by reliable, probative and substantial evidence."

II. "The lower court erred by affirming the order of the Ohio Real Estate Commission when said order was not in accordance with law."

Under R.C. 119.12, a common pleas court may affirm an administrative agency's determination if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." This standard calls for two inquiries: a hybrid factual/legal inquiry, in which the agency's findings of fact are presumed correct, and a purely legal inquiry, in which questions of law are reviewed *de novo*. *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 470–471, 613 N.E.2d 591, 595–596; see, also, *Joudah v. Ohio Dept. of Human Serv.* (1994), 94 Ohio App.3d 614, 616–617, 641 N.E.2d 288, 289–290. An appellate court's review is more limited than the common pleas court's: it is confined to determining whether the lower court abused its discretion. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Gen. Motors Corp. v. Tracy* (1995), 73 Ohio St.3d 29, 32, 652 N.E.2d 188, 190–191. We will not substitute our judgment for the commission's if some evidence supports the commission's order. See *Harris v. Lewis* (1982), 69 Ohio St.2d 577, 578, 23 O.O.3d 485, 486, 433 N.E.2d 223, 224–225. On purely legal questions, however, our standard of review is still *de novo*.

Moran's license was revoked pursuant to R.C. 4735.18(A)(6) and (A)(8). Those subsections permit the commission to suspend or revoke a real estate sales license in the event of dishonest or illegal dealing, gross negligence, incompetency, misconduct, or procuring a license by fraud, misrepresentation, or deceit. In interpreting former R.C. 4735.18(F), which is now codified at R.C. 4735.18(A)(6), the Ohio Supreme Court stated that "misconduct" includes conduct that is prohibited under professional codes of ethics or is contrary to law. *Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce* (1990), 48 Ohio St.3d 74, 549 N.E.2d 509, paragraph two of the syllabus. Factors such as good intentions do not control the inquiry into whether misconduct has occurred. *Id.* at 77, 549 N.E.2d at 512–513. The court further held that the commission has the power to determine whether a real estate licensee's acts constitute misconduct. *Id.* at paragraph one of the syllabus. Generally, an administrative body may rely on its expertise to determine whether a standard of practice has been met. See *Vradenburg v. Ohio Real Estate Comm.* (1982), 8 Ohio App.3d 102, 104, 8 OBR 136, 138–139, 456 N.E.2d 573, 575–576.

■ Moran's basic argument is that she had not been convicted of any crimes at the time she completed her license application; accordingly, the commission and the trial court erred by finding that she engaged in a "continuing pattern of deceit and avoidance." Moran also argues that she had no statutory duty to inform the commission of her felony convictions because she was convicted *after* completing the application, thereby avoiding the reporting duty imposed by R.C. 4735.09(A), but *before* she received her license, thereby avoiding the reporting duty imposed by R.C. 4735.13(C).

Although Moran's argument is novel, we reject it. As the commission noted, Moran's response on her license application was not the focal point of the case. From May 12, 1994, when her sentence was journalized, to June 24, 1994, the day that she received her license, Moran failed to inform the division of her convictions. She did not bring the convictions to the division's attention until approximately two months after receiving her license. Even then, she did so only after an inquiry from her broker. Under *Kiko* and *Vradenburg*, the commission could decide whether Moran's actions constituted misconduct. The lower court concluded that the commission's findings were supported by reliable, probative, and substantial evidence. We find that this conclusion does not represent an abuse of discretion.

Likewise, the trial court's decision was not contrary to law. While Moran relies on R.C. 4735.09(A) and R.C. 4735.13(C) for the proposition that she was not statutorily obligated to report her convictions, R.C. 4735.18(A) also places obligations on real estate sales licensees. R.C. 4735.18(A) does not explicitly speak in terms of reporting requirements; that, however, does not render it inapplicable to Moran's situation. Moran's conduct warranted a finding that she violated R.C. 4735.18(A)(6), which forbids misconduct, or R.C. 4735.18(A)(8), which forbids the deceitful or fraudulent procurement of a license. The trial court did not err by concluding that Moran breached her statutory obligations.

Moran's first and second assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.