DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the common pleas court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Guy J. Gentile has appealed from an order of the Summit County Common Pleas Court that affirmed an order of defendant Ohio Real Estate Commission that suspended his real estate license for thirty days based on its finding that he had committed misconduct in violation of Section 4735.18D(A)(6) of the Ohio Revised Code. He has argued that the common pleas court incorrectly affirmed the Commission's order because it was not supported by reliable, probative, and substantial evidence.[1]
This Court affirms the judgment of the common pleas court because that court did not abuse its discretion in affirming the Commission's order.
 I.
Plaintiff, who has been a licensed Ohio real estate broker since 1975, was president and one of the two shareholders, officers, and directors of Town Country Investments Inc., an Ohio corporation. During January 1991, plaintiff acquired legal title by warranty deed to the property known as 1629 Ivydale Road in Cleveland Heights, Ohio. On February 1, 1991, he assigned his entire interest in that property to Town Country "for purposes of sale by that entity." The plan at that time was to execute and record a quit-claim deed transferring title to Town Country; when plaintiff and the other shareholder/director of Town County realized that two transfer taxes would ultimately have to be paid, however, they decided not to complete a title transfer from plaintiff to Town County but, instead, to wait and transfer title when the property was to be conveyed to the eventual land contract vendee.
On July 30, 1993, Town Country, as vendor, formally contracted with Ms. J. Johnson, as vendee, for a land contract installment sale of the property. Plaintiff signed that contract as president of Town Country. Ms. Johnson was not informed that plaintiff was the record title holder of the property.
On August 8, 1995, Ms. Johnson sent a written request for investigation to the Ohio Division of Real Estate, alleging that plaintiff had committed misconduct in his dealings with her regarding the land contract. The Superintendent of the Division concluded that there was sufficient evidence of a violation of Section 4735.18(A)(6) of the Ohio Revised Code to hold a hearing on the matter. The parties agreed to written stipulations of facts in lieu of an evidentiary hearing, and submitted briefs. A hearing examiner for the Division made findings of fact based on the stipulations. He determined that the assignment of interest from plaintiff to Town Country had not been in accordance with real estate conveyance laws and, therefore, the assignment had not created a transferable interest in the property. He found that plaintiff unnecessarily exposed Ms. Johnson to the risks of encumbrances, complete title divestment, or inability to deliver title when scheduled, that could have resulted from judgment liens, foreclosure actions, bankruptcy, or like situations affecting plaintiff personally. Furthermore, the examiner found, plaintiff did not disclose these risks to Ms. Johnson. He also determined that, because legal title to the property remained with plaintiff, the land contract recorded conveyance from Town 
Country to Ms. Johnson "would remain undiscoverable in the record chain of [title]" and that there was, therefore, no notice in the chain of title of the interest passing via the land contract.
The examiner pointed out the principle that a real estate license holder is held to a higher standard of competency and fairness than is a layperson in the marketplace. He finally concluded that plaintiff had committed misconduct, based on his determination that plaintiff's failure to disclose the status of the title to Ms. Johnson had exposed her to significant risks without her knowledge, which was contrary to the duty of fairness that plaintiff owed her. The examiner recommended that the Commission find that plaintiff had committed misconduct in violation of Section 4735.18(A)(6) of the Ohio Revised Code. On August 19, 1996, the Commission found that plaintiff had violated the statute and ordered plaintiff's license suspended for thirty days. Plaintiff appealed to the common pleas court, which affirmed the Commission's decision. He timely appealed to this Court.
 II.
Plaintiff's sole assignment of error is that the common pleas court incorrectly affirmed the Commission's order suspending his real estate license because the order was not supported by reliable, probative, and substantial evidence. He has argued that: (1) in Ohio, a land contract vendor is not required to be the record title holder of property until the time the property is to be conveyed to the vendee; (2) he had a legitimate reason for not transferring title to Town Country; (3) he never did anything to conceal the status of the title or discourage Ms. Johnson from having the title records searched, and never intended to harm or deceive Ms. Johnson; (4) his conduct did not violate any law or ethical obligation; and (5) although "the manner in which the land contract was entered into could, at some point in the future, lead to a lien or other cloud on title prior to the time of transfer of title to Ms. Johnson," Ms. Johnson suffered no actual harm as a result of anything he did or did not do.
As this Court has previously held, a common pleas court may affirm an administrative agency's determination if it is supported by reliable, probative, and substantial evidence and is in accordance with law. See Moran v. Ohio Dept. of Commerce (1996),109 Ohio App.3d 494, 497, citing Section 119.12 of the Ohio Revised Code. In reviewing such a determination, the agency's findings of fact are to be presumed correct, and questions of law are reviewed de novo. Id., citing Ohio Historical Soc. v. StateEmp. Relations Bd. (1993), 66 Ohio St.3d 466, 470-471. In an appeal from the common pleas court, an appellate court's limited function is to review the common pleas court's action for abuse of discretion. Id., citing Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. An abuse of discretion occurs when the common pleas court's decision is unreasonable, arbitrary, or unconscionable. Id., citing Gen. Motors Corp. v. Tracy (1995),73 Ohio St.3d 29, 32. In determining whether there was an abuse of discretion, a reviewing court should be guided by a presumption that the common pleas court was correct. D. Michael SmithEnterprises, Inc. v. Ohio Liquor Control Comm. (Oct. 29, 1997), Summit App. No. 18332, unreported, 1997 Ohio App. LEXIS 4743, at *5-6, citing State v. Coppock (1995), 103 Ohio App.3d 405, 411.
A person holding a real estate license is held to a higher standard of competency and fairness than is a lay member of the public in the marketplace. Richard T. Kiko Agency, Inc. v. OhioDept. of Commerce (1990), 48 Ohio St.3d 74, 76. Section4735.18(A)(6) of the Ohio Revised Code provides that the Ohio Real Estate Commission may suspend the license of any licensee who is found guilty of misconduct. The Ohio Real Estate Commission is empowered to determine whether the acts of a broker constitute "misconduct" within the meaning of Section 4735.18(A)(6). SeeKiko, supra, at paragraph one of the syllabus.[2]
"Misconduct," under that section, includes unprofessional conduct or conduct involving any breach of duty which is prohibited under professional codes of ethics, or conduct that is contrary to law.Id. at paragraph two of the syllabus. Willfulness, good intentions, or actual harm to a party are not necessarily controlling factors in license suspension proceedings. Id. at 77.
The basic facts are not in dispute. Based on them, the hearing examiner concluded that plaintiff violated a duty of fairness that he owed to Ms. Johnson in withholding from her the fact that he, not Town Country, held legal title to the property, because this exposed her, without her knowledge, to unnecessary risks. The Ohio Real Estate Commission agreed and ordered plaintiff's license suspended for thirty days. As pointed out above, the Ohio Real Estate Commission may determine whether the acts of a broker constitute "misconduct" within the meaning of Section 4735.18(A)(6), and may suspend a license holder's license upon a finding that he committed misconduct. See Kiko, supra, at paragraph one of the syllabus. Plaintiff's arguments that no law or ethics code provision expressly prohibited his conduct, that he did not intend to harm or deceive Ms. Johnson, and that Ms. Johnson suffered no actual harm are without merit.
First, plaintiff's assertion that his conduct was not expressly prohibited does not establish that his conduct violated no law or ethics code, since any "misconduct" is a violation of Section 4735.18(A)(6).[3] As for deciding what does constitute "misconduct," the Ohio Real Estate Commission is empowered to make that determination in light of its expertise. See Kiko, supra, at paragraph one of the syllabus. As defendant has pointed out, it would be impossible for lawmakers and rulemakers to spell out in detail every type of conduct that constitutes misconduct by a real estate broker. See Yee Bow v.City of Cleveland (1919), 99 Ohio St. 269, 274. Second, neither actual harm nor evil intent is necessary for suspension of a real estate license. See Kiko, supra, at 77. A finding that plaintiff committed misconduct, therefore, is not necessarily inconsistent with a finding that he did not intend to harm or deceive Ms. Johnson or a finding that she suffered no actual harm as a result of his conduct.
This Court's role is not to substitute its judgment for that of the Commission or of the common pleas court, but to review the common pleas court's decision for abuse of discretion. The Commission, with the benefit of its expertise, found that plaintiff's acts constituted misconduct because a land contract vendee was exposed without her knowledge to unnecessary risks merely so that plaintiff would be spared a transfer tax. The common pleas court found that the Commission's decision was supported by reliable, probative, and substantial evidence and was not contrary to law. Plaintiff has not shown, and this Court cannot conclude, that the common pleas court abused its discretion. Plaintiff's assignment of error is overruled.
 III.
Plaintiff's assignment of error is overruled. The judgment of the common pleas court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., J.
REECE, J. CONCUR.
[1] Originally, plaintiff also assigned as error the common pleas court's issuance of its order without considering the briefs of the parties; that assignment of error, however, was withdrawn by plaintiff at oral argument.
[2] This statute has been amended since Kiko was decided, at which time the text of the current Section 4735.18(A)(6) appeared as Section 4735.18(F).
[3] Plaintiff's conduct may have been expressly prohibited, despite his assertions to the contrary. Attached to plaintiff's brief is a copy of the Code of Ethics and Standards of Practice of the National Association of Realtors, to which he has referred in arguing that his conduct was not prohibited under the "relevant Code of Ethics." Although Article 13 of that Code was apparently never raised in any of the proceedings below, that article provides that a realtor who is selling property he owns must reveal his ownership in writing to the purchaser or the purchaser's representative. That Code also provides that failure to observe the requirements of Article 13 subjects realtors to disciplinary action.