OPINION
On September 4, 1998, Linda L. Bowshier filed a protest with the Motor Vehicle Dealers Board of Ohio ("board") claiming that Chrysler Corporation, now known as DaimlerChrysler Corporation ("Chrysler"), failed to approve or reject the proposed sale of the assets and franchise rights of Hitchcock Auto Group ("Hitchcock") to Ms. Bowshier within the 30-day period as required in R.C. 4517.56(B). Ms. Bowshier filed a supplemental protest, contending Chrysler did not have good cause to reject the proposed sale/transfer. The matter was submitted to a hearing examiner.
The parties filed what they termed motions for summary judgment on a variety of issues. On December 1, 1998, the hearing examiner's report and recommendation was filed with the board. The hearing examiner determined that the protest was not barred under the election of remedies provision found in R.C. 4517.65(B). Further, the hearing examiner determined that Chrysler had failed to comply with R.C. 4517.56(B), which requires a franchisor to provide notice of its refusal to approve a sale or transfer within thirty days of its receipt of the notice of the proposed sale/transfer. The hearing examiner found that such failure was dispositive of the protest and, accordingly, found in favor of Ms. Bowshier. The board adopted the hearing examiner's report and recommendation.
Chrysler appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court reversed the board's order, concluding that Ms. Bowshier's protest was barred by the election of remedies provision in R.C. 4517.65(B). The common pleas court did not reach the issues relating to the 30-day notice requirement found in R.C.4517.56.
Ms. Bowshier appealed to this court and on March 30, 2001, this court reversed the common pleas court's judgment. We determined that the protest was not barred under the election of remedies provision, and the case was remanded to the common pleas court to address the 30-day notice requirement.
Upon remand, the common pleas court determined that Chrysler had not violated the 30-day notice requirement found in R.C. 4517.56(B). Specifically, the common pleas court agreed with Chrysler's contention that under R.C. 4517.56(A) and (B), the 30-day period in which to give notice of a refusal was not triggered until Chrysler received all the information it had requested pursuant to R.C. 4517.56(A). Under the uncontested facts, therefore, the common pleas court found that Chrysler had provided the required notice of refusal within thirty days of receiving such information. Hence, the common pleas court reversed the board's order which had found in favor of Ms. Bowshier.
Ms. Bowshier (hereinafter "appellant") has appealed to this court, assigning the following error for our consideration:
 THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW BY FAILING TO HOLD THAT THE NOTICE PROVISION OF R.C. § 4517.56(B) IS MANDATORY AND THAT [THE] FRANCHISOR'S FAILURE TO COMPLY IS DISPOSITIVE OF THE PROTEST.
In reviewing a board order in an R.C. 119.12 appeal, a court of common pleas is required to affirm if the commission's order is supported by reliable, probative and substantial evidence and is in accordance with law. VFW Post 8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79,81. The evidence in the case at bar is essentially undisputed, and the appeal involves only questions of law, which this court reviews de novo. See Ohio Historical Soc. v. State Emp. Relations Bd. (1993),66 Ohio St.3d 466, 471; Moran v. Ohio Dept. of Commerce, Real Estate Div. (1996), 109 Ohio App.3d 494, 497.
Appellant's protest was based, in part, upon the alleged failure of Chrysler (hereinafter "appellee") to comply with the notice requirement set forth in R.C. 4517.56(B). Specifically, appellant contends that under R.C. 4517.56(B), appellee had thirty days from July 7, 1998 — the date it notified appellee of the proposed transfer/sale — to refuse to approve such transfer/sale. However, appellee did not send a refusal notice until September 3, 1998 (appellant received such notice on September 8, 1998).
Appellee contends the thirty days in which to give notice of refusal is not triggered until the franchisee and prospective transferee provide the additional information that is requested pursuant to R.C. 4517.56(A). In the case at bar, appellee requested additional information from appellant after the July 7, 1998 proposal notice, and such information was not provided in full until, at the earliest, August 6, 1998. Appellee asserts, therefore, that its September 3, 1998 refusal notice was timely under R.C. 4517.56(B).
R.C. 4517.56 addresses the procedure to be followed upon a prospective transfer of a franchise and states, in pertinent part:
 (A) If the sale or transfer of the business and assets or all or a controlling interest in the capital stock of a new motor vehicle dealer contemplates or is conditioned upon a continuation of the franchise relationship with the franchisor, and the proposed transferee has indicated a willingness to comply with all of the requirements of the franchise then in effect, the franchisee shall notify the franchisor of such intention by written notice setting forth the prospective transferee's name and address and the names and addresses of the transferee's prospective management personnel. The franchisee and prospective transferee shall also supply the franchisor with such other information regarding the transferee's character, business experience, and financial ability as may be reasonably requested by the franchisor to enable it to evaluate the transferee's qualifications and ability to comply with the requirements of the franchise then in effect. The franchisor shall evaluate the prospective transferee and the transferee's prospective management personnel on the basis of reasonable and objective criteria fairly and objectively applied.
 (B) The franchisor shall provide the franchisee and the prospective transferee with written notice by certified mail of any refusal to approve a sale or transfer of the business and assets or all the business and assets or a controlling interest in the capital stock of a new motor vehicle dealer within thirty days of receipt of the written notice advising of the proposed transfer. The notice shall specify the objective criteria used to evaluate the prospective transferee and the criteria which the transferee failed to meet. [Emphasis added.]
R.C. 4517.56(A) and (B) relate to one another and must be read together. Indeed, R.C. 1.42 states that words and phrases shall be read in context and construed according to the rules of grammar and common usage. We find that under a plain reading of R.C. 4517.56(A) and (B), the thirty days set forth in subsection (B) begins to run when the franchisor receives the written notice advising it of the proposed transfer. The written notice advising the franchisor of the proposed transfer, as referred to in subsection (B), is the written notice, as set forth in subsection (A), which consists of the names and addresses of the prospective transferee and the prospective management personnel. The written notice advising the franchisor of the proposed transfer, as referred to in subsection (B), is not the information that a franchisor may request pursuant to subsection (A).
Indeed, the language the legislature chose in each subsection, which refer to each other, is unambiguous. Subsection (B) refers to the "written notice advising of the proposed transfer." This is clearly in reference to the requirement in subsection (A) that the franchisee "notify the franchisor of such intention by written notice setting forth" the pertinent names and addresses. The "written notice advising of the proposed transfer," as found in subsection (B) is clearly not the "such other information * * * as may be reasonably requested by the franchisor," as set forth in subsection (A).
Hence, we conclude that the written notice of refusal to approve a transfer must be provided within thirty days of when the franchisor receives the written notice setting forth the pertinent names and addresses. When and if the franchisor requests and receives other information for evaluation purposes does not affect the triggering of the 30-day requirement in R.C. 4517.56(B).
We note that appellee and the common pleas court's reliance on Holt Motors, Inc. v. General Motors Corporation (S.D.Oh. 1987) (Case No. C-3-85-682) 1987 WL 272249, unreported, judgment affirmed by (1988), 860 F.2d 1079, is misplaced. In Holt, the franchisor was not provided with certain financial information requested pursuant to R.C. 4517.56(A). The district court concluded that the franchisor's request was reasonable and because such information was not provided, the franchisee's claim that the franchisor refused to approve the proposed sale (and that any refusal was without good cause) failed.
Holt does not support appellee's position. In Holt, there was no rejection of a proposed sale/transfer. More importantly, however, at the time of the relevant events in Holt, R.C. 4517.56 did not contain a provision obligating the franchisor to provide a refusal notice, let alone an obligation to provide such notice within a certain time frame. Former R.C. 4517.56(A), in effect at the time Holt was decided, was substantively identical to the current R.C. 4517.56(A). However, former R.C. 4517.56(B) stated:
 No franchisor shall fail or refuse to approve the sale or transfer of all or a controlling interest in a franchisee's dealership to, or refuse to continue the franchise relationship with, the prospective transferee without good cause.
Former R.C. 4517.56 contained no provision analogous to current R.C.4517.56(B)'s 30-day notice requirement. Hence, Holt is inapplicable to the issues in the case at bar.
Accordingly, we hold that under a plain reading of R.C. 4517.56(A) and (B), a franchisor must provide the franchisee and prospective transferee with written notice by certified mail of its refusal to approve a sale or transfer within thirty days of receiving the written notice which sets forth the names and addresses of the prospective transferee and the transferee's prospective management personnel. The thirty days is triggered by receipt of such notice and not upon receipt of the additional information that the franchisor may have requested.
We note that the fact that appellant (and not the franchisee, Hitchcock) actually provided the notice of intention to transfer/sell did not somehow toll the triggering of the 30-day period set forth in R.C.4517.56(B). While the plain language of R.C. 4517.56(A) states that the franchisee must notify the franchisor, the fact that Hitchcock itself did not actually transmit the required notice to appellee did not render the notice defective. Here, the notice pursuant to R.C. 4517.56(A) consisted of, in part, the buy/sell agreement between appellant and Hitchcock. Hence, it can be reasonably concluded that Hitchcock, at least in part, participated in the providing of the notice required under R.C. 4517.56(A), even though it was apparently appellant herself that actually faxed the notice to appellee.
In addition, the fact that appellant later revised the prospective management personnel did not toll the triggering of the 30-day notice requirement in R.C. 4517.56(B). R.C. 4517.56(A) states that notice shall be given of the prospective management personnel. While it may be a factor in determining whether to refuse to approve a proposed transfer/sale, the fact that the prospective management personnel originally named is changed does not affect the tolling of the 30-day notice requirement in R.C. 4517.56(B).
In the case at bar, the notice of intention to transfer/sell, as required under R.C. 4517.56(A), was received on July 7, 1998. Hence, appellee had thirty days from this date to provide a written notice, as required under R.C. 4517.56(B), of any refusal to approve such transfer/sale. Such notice of refusal to approve was not made by appellee within the required thirty days. To this extent, appellant's arguments are well-taken. However, appellant also argues that appellee's failure to strictly comply with the 30-day notice provision in R.C.4517.56(B) should result in her protest being upheld, i.e., that appellee may not refuse to approve the proposed transfer/sale. Appellant's contentions in this regard are not well-taken.
The hearing examiner did not engage in a substantive analysis of whether appellee had good cause to refuse approval. Indeed, the hearing examiner concluded that appellee's failure to comply with R.C. 4517.56(B) was fatal to the substantive issue of whether good cause existed to refuse to approve the sale/transfer. For the reasons that follow, we find that the hearing examiner and board erred in so concluding.
This court has already determined that a failure to follow R.C.4517.56(B)'s notice provision does not result in an automatic approval or, more precisely, in a determination that good cause does not exist to refuse to approve a proposed sale/transfer. In Nissan Motor Corp. v. Dever (Mar. 28, 2000), Franklin App. No. 99AP-596, unreported, the franchisor failed to comply with R.C. 4517.56(B)'s requirement that written notice of a refusal be given by certified mail. The prospective transferee filed a protest with the board, arguing that his protest should be upheld based upon such failure. This court stated that in order to sustain a protest based solely on a failure to follow the notice provision in R.C. 4517.56(B), prejudice must be shown.
Indeed, there is nothing in R.C. 4517.56 that supports appellant's position. It is clear from reading R.C. 4517.56 as a whole that the ultimate issue is whether good cause exists to refuse to approve a sale or transfer. See, for example, R.C. 4517.56(D). Hence, the franchisor's failure to strictly comply with certain notice requirements in R.C. 4517.56
is but one factor to be considered in determining whether good cause exists. See Gen. Motors Corp. v. Joe O'Brien Chevrolet, Inc. (1997),118 Ohio App.3d 470, 481; Nissan, supra.
Here, the hearing examiner did not reach the good cause issue because he determined that appellee's failure to comply with 30-day notice provision was determinative of the protest. This was erroneous as a matter of law as good cause should have been determined on the basis of all relevant factors.
In summary, the common pleas court erred as a matter of law in determining that the 30-day notice requirement in R.C. 4517.56(B) is not triggered until all requested information is received and in reversing the board's order in this regard. To this extent, appellant's assignment of error is sustained. However, the failure of appellee to strictly comply with such notice provision is not, as asserted by appellant, dispositive of the protest. As to this argument, appellant's assignment of error is overruled.
For the reasons stated above, appellant's assignment of error is sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to such court with instructions to remand the matter to the board for further proceedings, consistent with this opinion, on the issue of good cause.
Judgment affirmed in part and overruled in part; and cause remanded.
PETREE and LAZARUS, JJ., concur.