OPINION
{¶ 1} Appellant, Linden Medical Pharmacy ("Linden"), appeals from the judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio State Board of Pharmacy ("Board"), revoking appellant's license. For the following reasons, we affirm.
 {¶ 2} On October 15, 1996, an inspection of Linden, a licensed "terminal distributor of dangerous drugs," revealed that over 80,000 units of drugs were missing from the pharmacy. In response to this inspection, the Board sent Linden a notice of opportunity, in which the Board informed Linden that it may take disciplinary action against Linden for: (1) knowingly selling controlled substances in amounts exceeding 50 times the bulk amount in violation of R.C. 2925.03; (2) knowingly selling a controlled substance in amounts exceeding five times the bulk amount, but not exceeding 50 times the bulk amount, in violation of R.C. 2925.03; (3) failing to keep a record of all controlled substances received or dispensed in violation of R.C. 3719.07 and Ohio Adm. Code 4729-9-14; (4) failing to provide effective and approved controls and procedures to guard against theft and diversion of dangerous drugs in violation of Ohio Adm. Code 4729-9-05; and (5) failing to possess a copy of current federal and state laws, regulations and rules governing the legal distribution of drugs in violation of Ohio Adm. Code 4729-9-02.
 {¶ 3} After a hearing on these allegations, a hearing examiner found that the evidence supported each allegation in the notice of opportunity and recommended that the Board revoke Linden's license. On May 5, 1999, the Board adopted the hearing examiner's order, thereby revoking Linden's license.
 {¶ 4} Linden appealed the Board's order to the trial court. In its May 19, 2000 decision, the trial court determined that reliable, probative and substantial evidence supported the third, fourth and fifth charges, thus affirming the findings of fact that Linden failed to keep a record of all controlled substances received or dispensed, that Linden failed to provide effective and approved safeguards against theft of controlled substances, and that Linden did not possess a copy of current drug laws. However, the trial court concluded that the first and second charges — that Linden knowingly sold controlled substances in violation of R.C. 2925.03 — were not supported by reliable, probative and substantial evidence. Thus, because it had found that the "perhaps most egregious" charges were unsubstantiated by the record, the trial court concluded that remand for a redetermination of the penalty was appropriate.
 {¶ 5} Linden then appealed the trial court's decision to this court, arguing that the record did not support the third, fourth and fifth charges.[1] In a decision issued May 8, 2001, we agreed with Linden that the record did not support the third charge — that Linden failed to keep a record of all controlled substances received or dispensed. Linden Medical Pharmacy, Inc. v. Ohio State Bd. of Pharmacy
(May 8, 2001), Franklin App. No. 00AP-641 ("Linden I"). Therefore, we concluded that the trial court abused its discretion in affirming that part of the Board's order. However, we disagreed with the remainder of Linden's argument and, thus, we held that the trial court did not abuse its discretion in finding that reliable, probative and substantial evidence supported the fourth and fifth charges. We then ordered the trial court to remand the matter so that the Board could impose an appropriate penalty based only upon the charges surviving the appeal.
 {¶ 6} After the trial court remanded the matter to the Board, a hearing examiner again recommended the revocation of Linden's license. On December 5, 2001, the Board adopted the hearing examiner's order, thus revoking Linden's license for a second time.
 {¶ 7} Linden appealed the Board's order to the trial court. In its October 8, 2002 decision, the trial court concluded that the Board's order was supported by reliable, probative and substantial evidence, and was in accordance with law. After the issuance of the judgment affirming the Board's order, Linden filed this instant appeal.
 {¶ 8} On appeal, Linden assigns the following assignments of error:
[1.] The trial court erred and abused its discretion by failing to reverse the Order of Appellee Ohio State Board of Pharmacy ("Board") mailed and effective January 11, 2002 ("Order") because the Board lacked reliable, substantial, and probative evidence to support its findings, and the Order is unjust and is contrary to law, and is against the manifest weight of the evidence presented at the May 1999 adjudication hearing ("Hearing") and contained in the official record of the above-captioned matter ("Record").
[2.] The trial court erred and abused its discretion by failing to reverse the Board's Order because the Order constitutes an abuse of the Board's discretion to impose penalties against terminal distributor licenses because, in light of the facts of this matter and the evidence presented at the Hearing and contained in the Record, revocation of Linden's terminal distributor license is excessive and does not conform to penalties imposed by the Board in factually similar cases. Therefore, the Order involves discriminatory and disparate treatment depriving Linden of equal treatment and due course of law guaranteed by the Constitutions of Ohio and the United States of America.
[3.] The trial court erred and abused its discretion by failing to reverse the Board's Order because the Order constitutes an abuse of the Board's discretion to impose penalties because, in light of the facts of this matter and the evidence presented at the Hearing and contained in the Record, revocation of Linden's terminal distribution license is excessive and without due regard for the more lenient penalty imposed by the Board upon Linden's responsible pharmacist in a parallel proceeding involving the same factual circumstances and charges.
[4.] The trial court erred and abused its discretion by failing to reverse the Board's Order because the Order is inconsistent with the decision of the Tenth District Court of Appeals, Franklin County, (Case No. 00AP-641), issued May 8, 2001, in which the Court of Appeals sustained Linden's Assignment of Error No. 5 in that appeal.
 {¶ 9} Pursuant to R.C. 119.12, a trial court must affirm an administrative board's order if it is "supported by reliable, probative and substantial evidence and is in accordance with law." The standard of review for appellate courts, however, is more limited. When reviewing findings of fact and mixed questions of law and fact, appellate courts must determine only whether the trial court abused its discretion. Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. Thus, appellate courts must affirm the judgment of the trial court unless it is unreasonable, arbitrary or unconscionable. Moran v. Ohio Dept. ofCommerce, Real Estate Div. (1996), 109 Ohio App.3d 494, 497. However, when reviewing purely legal questions, appellate courts use the de novo standard. Id.
 {¶ 10} By its first assignment of error, Linden argues that the record does not substantiate the Board's findings that Linden failed to provide effective safeguards to prevent drug theft and that it failed to possess a current copy of federal and state drug laws. Initially, we note that Linden fails to assert any argument to support this first assignment of error that is distinct from the arguments supporting its other assignments of error. Pursuant to App.R. 12(A)(2), it is within our discretion to disregard any assignment of error presented for review if the party raising it "fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Although we could disregard this first assignment of error in accordance with App.R. 16(A), in the interest of justice, we will address it.
 {¶ 11} Ohio Adm. Code 4729-9-02(A)(1) requires that a pharmacy maintain a copy of "[c]urrent federal and state laws, regulations, and rules governing the legal distribution of drugs in Ohio." Christopher Reed, the compliance agent who investigated Linden, testified that, during his October 15, 1996 inspection of Linden, he "noticed that the pharmacy lacked a current edition of Drug Law of Ohio[,] which they're required to keep." (Hearing Trans., at 17.) Linden offered no evidence to rebut Agent Reed's testimony. Accordingly, reliable, probative and substantial evidence supports the Board's finding that Linden lacked a current copy of federal and state laws, regulations and rules governing the distribution of drugs in Ohio. Therefore, we conclude that the trial court properly exercised its discretion in affirming this charge.
 {¶ 12} Ohio Adm. Code 4729-9-05(A) states that "[a]ll registrants shall provide effective and approved controls and procedures to deter and detect theft and diversion of dangerous drugs." Pursuant to Ohio Adm. Code 4729-9-11(A)(2)(d), such procedures require that only a pharmacist have access to a pharmacy's prescription department or stock of dangerous drugs. When Agent Reed inspected Linden, he discovered that Judith Pendleton, who is not a pharmacist, possessed keys to the pharmacy that she kept in a sealed initialed envelope in the event that a relief pharmacist needed to enter the pharmacy. Further, Jerome Broering, the former responsible pharmacist for Linden, testified that, during the 18 months he worked at Linden, he saw Ms. Pendleton in the pharmacy without a pharmacist present on a couple of occasions. Finally, Agent Reed testified that, when he arrived at Linden for the October 15, 1996 inspection, Ms. Pendleton was in an outer office, but the door to the pharmacy was unlocked and no pharmacist was present.
 {¶ 13} Although Ms. Pendleton denied that she possessed a key to the pharmacy or that she ever accessed the pharmacy without a pharmacist, the Board apparently found Agent Reed's and Mr. Broering's testimony more credible. Because we must defer to the Board's assessment of the credibility of the witnesses, we conclude that reliable, probative and substantial evidence supports the Board's finding that Linden did not possess effective safeguards against theft. See Petrilla v. Ohio StateBd. of Pharmacy, 153 Ohio App.3d 428, 2003-Ohio-3276, at ¶ 14 ("the board is permitted to assign varying levels of weight and credibility to the evidence"). Therefore, the trial court properly exercised its discretion in affirming this charge.
 {¶ 14} Accordingly, we overrule Linden's first assignment of error.
 {¶ 15} By its second assignment of error, Linden argues that the revocation of its license violates its equal protection rights under the Ohio and United States Constitutions because the Board did not penalize other terminal distributors for similar violations as harshly. We disagree.
 {¶ 16} The guarantee of equal protection of the laws means that "`all litigants similarly situated may appeal to courts for both relief and defense under like conditions, with like protection, and without discrimination.'" Conley v. Shearer (1992), 64 Ohio St.3d 284, 288, quoting Sexton v. Barry (C.A. 6, 1956), 233 F.2d 220, 224. Thus, "`[s]o long as the laws are applicable to all persons under like circumstances and * * * operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws.'" Id., quoting Dayton v. Keys (1969), 50 O.O.2d 29, 34. When a complaining party alleges that a law that is fair on its face was applied unequally to those who are similarly situated, that party must establish intentional and purposeful discrimination in order to prove a denial of equal protection. Cahill v. Lewisburg (1992), 79 Ohio App.3d 109, 116.
 {¶ 17} Linden bases its equal protection argument upon a list that includes the names and penalties imposed upon terminal distributors who the Board sanctioned for a wide variety of violations between January 1996 and February 1999. Linden acknowledges that this list is not exhaustive, but only a "sampling" of matters involving terminal distributors. Such a list does not establish an equal protection violation. Bouquett v. Ohio State Med. Bd. (1997), 123 Ohio App.3d 466,475-476; Vaughn v. Ohio State Med. Bd. (Nov. 30, 1995), Franklin App. No. 95AP-645. First, based upon the sparse information Linden provides, we are unable to determine whether any of the terminal distributors are substantially similar to Linden. In fact, the Board asserts that the cited terminal distributors are not comparable to Linden because they lost substantially fewer units of drugs. Second, as Linden admits, the list is not exhaustive, so it could omit similarly situated terminal distributors who received the same penalty as Linden. Therefore, because the evidence Linden presents is insufficient to determine whether its equal protection rights were violated, we overrule Linden's second assignment of error.
 {¶ 18} By its third assignment of error, Linden argues that the Board abused its discretion to impose penalties when it imposed a greater penalty on Linden than the Board imposed upon Mr. Broering. We disagree.
 {¶ 19} As we previously stated in the prior appeal of this matter, "Ohio Adm. Code 4729-9-05 places the ultimate responsibility upon the `registrant,' i.e., Linden, to provide effective and approved controls and procedures to deter and detect theft and diversion of dangerous drugs." Linden I, supra. Likewise, the "registrant," or the applicant for the terminal distributor license, has the ultimate responsibility to ascertain that the pharmacy meets minimum standards, including the possession of copy of current federal and state laws, regulations and rules governing the legal distribution of drugs in Ohio. R.C. 4729.55(A); Ohio Adm. Code 4729-9-02(A)(1). Consequently, because Linden was in the position of ultimate responsibility, the Board was within its discretion to penalize Linden more harshly for its violation of Ohio Adm. Code4729-9-05 and 4729-9-02.
 {¶ 20} Accordingly, we overrule Linden's third assignment of error.
 {¶ 21} By its fourth assignment of error, Linden argues that the Board unlawfully ignored our decision in Linden I that the revocation of Linden's license violated the equal protection provisions of the Ohio and United States Constitutions. Linden bases this argument on the fact that we sustained Linden's fifth assignment of error in Linden I, which read:
The trial court erred by refusing to reverse the Order in its entirely [sic] because: (1) the penalty imposed by the Board through the Order is inconsistent with penalties imposed by the Board in other factually similar cases. Therefore, the Order involves discriminatory and disparate treatment depriving Linden of equal treatment and due course of law guaranteed by the Constitutions of Ohio and the United States of America; (2) the Board imposed its penalty against Linden's terminal distributor license based upon an unlawful theory of strict and/or vicarious liability, and without due regard for the more lenient penalty imposed by the Board upon Linden's responsible pharmacist in a parallel proceeding involving the same factual circumstances and charges; and (3) the Order is not supported by reliable, probative, and substantial evidence in the record, and is not in accordance with the law.
 {¶ 22} Linden argues that, by sustaining this assignment of error, we concluded that the revocation of Linden's license was not consistent with penalties in other similar cases, and that the revocation constituted discriminatory and disparate treatment. Consequently, Linden reasons, the "law of the case" doctrine required the Board to impose a penalty other than revocation. We do not agree with Linden's interpretation of Linden I.
 {¶ 23} Although we sustained Linden's fifth assignment of error in its entirety, the substance of Linden I reveals that, in fact, the fifth assignment of error was only sustained in part. Nowhere in the substance of Linden I did we accept Linden's argument that the board-imposed sanction — the revocation of Linden's license — violated its equal protection rights. Rather, when addressing the sanction imposed by the Board, we merely concluded that the Board should "fashion an appropriate remedy" in light of our determination that the Board's findings related to the unlawful sale of controlled substances and failure to keep records were unsupported by the record. Notably, we did not in any way limit the range of penalties the Board could impose. Therefore, we conclude that the "law of the case" doctrine did not prevent the Board from imposing the penalty of revocation.
 {¶ 24} Accordingly, we overrule Linden's fourth assignment of error.
 {¶ 25} For the foregoing reasons, we overrule Linden's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bowman and Watson, JJ., concur.
[1] Notably, the Board did not file a cross-appeal challenging the trial court's reversal of the first and second charges.