**LEWIS, Appellant,**

v.

**OHIO REAL ESTATE COMMISSION, Appellee.**

[Cite as *Lewis v. Ohio Real Estate Comm.* (1997), 121 Ohio App.3d 23.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16164.

Decided June 13, 1997.

24

*Alan A. Biegel,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Robert K. Lang,* Assistant Attorney General, for appellee.

GRADY, Judge.

E.G. Lewis appeals from a judgment entered by the court of common pleas affirming the suspension of Lewis's real estate license.

The facts in this case are not in dispute, and were stipulated by the parties:

"1. Prior to October 1993, the property located at 201 Maysfield Road in Oakwood, Ohio was the property of Vincent R. Hayde and Barbara A. Hayde. The Respondent herein had no involvement with the property in any way germane to the circumstances before the Hearing Officer prior thereto.

"2. As evidenced by the first page of the Complaint attached hereto as Exhibit 1, the property at 201 Maysfield Road was the subject of a mortgage foreclosure action which had been commenced by Citizens Federal Bank, F.S.B. in the Common Pleas Court of Montgomery County, Ohio under Case No. 93–3202 on September 3, 1993.

"3. On October 4, 1993, the Respondent was granted an Exclusive Listing contract for the sale of the property by Vincent R. Hayde and Barbara R. Hayde and a copy of the same is attached hereto as Exhibit 2.

"4. On October 7, 1993, the Respondent submitted an Offer to Purchase the subject property from Vincent R. Hayde and Barbara A. Hayde for the same price set forth in the original Listing Agreement referred to above. A copy of such contact is attached hereto as Exhibit 3.

"5. At the time that the Purchase Contract referred to as Exhibit 3 was presented to Vincent R. Hayde and Barbara A. Hayde, no one was presented with an Agency Disclosure Statement on a form approved by the Ohio Division of Real Estate, the absence of which serves as the basis of the charge before the hearing officer in this matter.

"6. On or about December 29, 1993, the Respondent concluded the purchase of the property and was granted a General Warranty Deed by Vincent R. Hayde and Barbara A. Hayde and a copy of the same is attached hereto as Exhibit 4.

"7. The Respondent has substantially rehabilitated the property and currently yet owns the same and is now offering it for sale to the public."

Based upon these facts, the Ohio Real Estate Commission filed the following charge against Lewis, accusing him of misconduct:

"You, E.G. Lewis, acting in your capacity as a licensed real estate broker did the following:

"1. On or about October 4, 1993, you listed property located at 201 Mayfield Rd., Oakwood, Ohio with your brokerage. Thereafter, on or about October 7, 1993, you prepared an agreement to purchase the subject property from your clients, the Haydes. You prepared and submitted the offer to the Haydes without completing an Ohio agency disclosure form. Your failure to complete an agency disclosure form in this transaction constitutes misconduct in violation of Ohio Revised Code Section 4735.18(A)(6) as that section incorporates Ohio Administrative Code Section 1301:5–5–05."

A hearing was held before a hearing officer of the Division of Real Estate. The hearing officer subsequently issued his report, finding that Lewis had committed the violation charged. The hearing officer recommended that Lewis's

real estate license be suspended for thirty days, but that the penalty be suspended.

Thereafter, the matter came before the Real Estate Commission, which adopted the findings of the hearing officer that Lewis had violated Ohio Adm. Code 1301:5–5–05. The commission, however, ordered a suspension of Lewis's real estate license for a period of six months.

Pursuant to R.C. 119.12, Lewis filed a timely appeal to the Montgomery County Court of Common Pleas from the order of the Real Estate Commission. The matter was referred to a magistrate, who subsequently issued a decision affirming the order of the Real Estate Commission. Lewis timely filed objections to the magistrate's decision. The trial court overruled Lewis's objections and affirmed the decision of the magistrate, upholding the commission's six-month suspension of Lewis's real estate license.

From the trial court's decision and order, Lewis has timely appealed to this court:

"The lower court erred in concluding that the Department's interpretation of the Ohio Administrative Code § 1301:5–5–05 was reasonable, supported by adequate, competent evidence, and not contrary to law."

■ A licensed real estate broker owes a fiduciary duty to prospective buyers or sellers whose interests he represents. For that reason, the broker must act in the utmost good faith and fidelity in serving those clients and their interests. The General Assembly has imposed the requirements on brokers in R.C. Chapter 4735 in furtherance of that obligation. Pursuant to R.C. 4735.05, the Superintendent of the Division of Real Estate of the Ohio Department of Commerce is authorized to adopt rules and regulations to implement those requirements. The Ohio Real Estate Commission is authorized by R.C. 4735.18 to suspend the license of a broker who violates any of those requirements. *Richard T. Kiko Agency v. Ohio Dept. of Commerce, Div. of Real Estate* (1990), 48 Ohio St.3d 74, 549 N.E.2d 509.

When a conflict exists between a fiduciary's duty to his client and his own private, pecuniary interests, ethical considerations prevent the fiduciary from attempting to act to the benefit of both. The conflict may be resolved in two ways. Either the fiduciary must remove himself from representing the client or the fiduciary must reveal his own pecuniary interest to the client to allow the client to decide whether and how to protect his own interests.

Acting pursuant to R.C. 4735.05, the Superintendent of Real Estate has adopted Ohio Adm. Code 1301:5–5–05, which provides:

"(A) Every licensee preparing or submitting an offer on behalf of a prospective purchaser shall disclose to the prospective purchaser in writing as hereafter provided whether he is acting in the transaction as the purchaser's agent, as the seller's agent, or as a dual agent representing both the purchaser and the seller. Such written disclosure shall be provided to a prospective purchaser through an 'Agency Disclosure Statement' in a form prescribed by the superintendent of real estate and approved by the Ohio real estate commission. The licensee shall provide the disclosure form to the prospective purchaser as soon as practicable, but in no event later than the preparation or submission of the offer to purchase, exchange, or lease of real estate on behalf of the prospective purchaser. The licensee shall provide a copy of the disclosure form, signed and dated by the purchaser, to the seller's exclusive agent, if any, as soon as practicable, but in no event later than the presentation to the seller of an offer to purchase. The seller's exclusive agent, if any, shall provide a copy of the disclosure form to the seller prior to the presentation to the seller of an offer to purchase. Where the seller is not represented by a licensee, the licensee preparing or submitting the offer shall provide a copy of the disclosure form directly to the seller prior to the presentation to the seller of an offer to purchase." (Emphasis added.)

Because a real estate broker who represents both the purchaser and the seller may reap a commission from both parties, the broker has a pecuniary interest in closing a sale which could conflict with his fiduciary obligation to one of them. The intent of Ohio Adm. Code 1301:5–5–05(A) is to cure that conflict by disclosing the existence of the dual agency. The mechanism required to achieve the disclosure in the Agency Disclosure Statement process, which the broker who represents the purchaser initiates by presenting the statement to his client. A copy must then be provided to the seller's agent, who must present it to his client. Offers to purchase may be presented by a broker on behalf of or to his client only after each broker/agent has fulfilled the duties imposed on him by the regulation.

An agency relationship contemplates the involvement of two persons; a *principal* who consents that another shall act on his behalf, and an *agent* who undertakes to so act, subject to the principal's control. See Restatement of the Law 2d, Agency (1958) 7, Section 1. Accord 3 Ohio Jurisprudence 3d (1978), Agency, Section 1. Because an agency relationship necessarily involves a bifurcation of legal authority, it does not apply when that authority is exercised by a single person.

The Ohio Real Estate Commission is presumed to act with an expertise in matters concerning real estate transactions. *Kiko*, 48 Ohio St.3d 74, 549 N.E.2d 509. The courts may not substitute their own judgment for that of the commission. However, any regulation that the commission enacts which prohib-

its conduct that is not inherently wrong must give reasonable notice to its licensees of the conduct forbidden to them. *Hughes v. Ohio Div. of Real Estate* (1993), 86 Ohio App.3d 757, 621 N.E.2d 1249. If such a regulation fails to give sufficient notice of the conduct it prohibits, a violation of the regulation may not be enforced against the licensee as a form of misconduct for which a penalty may be imposed by the commission.

Acting as an agent for both parties in a real estate sales transaction is not inherently wrong. If it wishes to prohibit or limit the practice, the Real Estate Commission must give licensed brokers reasonable notice of what they are required to do in that event. The commission has attempted to do that by adopting the Agency Disclosure Statement requirement in Ohio Adm. Code 1301:5-5-05(A).

Even though Lewis is a licensed broker, he was not acting as agent for the purchaser when he presented his offer to the sellers. He was the purchaser, not an agent for the purchaser. There was no bifurcation of legal authority necessary to the principal/agent relationship. Therefore, Lewis was not required by Ohio Adm. Code 1301:5-5-05(A) to present an Agency Disclosure Form to himself. Absent that requirement, Lewis was not obligated to take the further steps to provide a copy to himself as the seller's exclusive agent or, in that capacity, to provide a copy to the seller. It was the failure to satisfy that final step that constituted the violation of Ohio Adm. Code 1301:5-5-05(A) alleged and found by the Real Estate Commission.

Appellee argues that it was the intent of the Superintendent of Real Estate in adopting the regulation that it apply to any licensed broker who enters a real estate transaction. In that event, Ohio Adm. Code 1301:5-5-05 must be amended so to provide by adding to the first sentence of paragraph (A) a clause stating "or on his own behalf" or words of similar import. Absent such a clause, the purported intent is not evident to brokers who may be subject to the regulation.

Pursuant to R.C. 119.12, a court of common pleas must affirm a determination of the Ohio Real Estate Commission if the determination is supported by reliable, probative, and substantial evidence and is in accordance with law. *Moran v. Ohio Dept. of Commerce, Div. of Real Estate* (1996), 109 Ohio App.3d 494, 672 N.E.2d 699. Findings of fact are presumed to be correct, but questions of law are reviewed *de novo. Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 613 N.E.2d 591. Therefore, the scope of our review includes a determination of whether the questions of law presented were correctly decided by the trial court. Having found that the regulation did not prohibit the conduct which formed the basis of the charge against Lewis, we find that the court of common pleas erred when it affirmed the order of the Ohio Real Estate Commission.

The assignment of error is sustained. The judgment of the court of common pleas is reversed, and the order of the Ohio Real Estate Commission finding appellant E.G. Lewis guilty of misconduct and ordering his real estate broker's license suspended will be vacated.

*Judgment accordingly.*

FREDERICK N. YOUNG, P.J., and WOLFF, J., concur.