I agree with the majority's conclusion that the Ohio Real Estate Commission had jurisdiction over this matter. I disagree, however, with the majority's determination that the commission could properly sanction the broker conduct at issue here. Accordingly, I dissent.
The Ohio State Real Estate Commission is empowered to determine whether a broker's acts constitute "misconduct." Richard T. KikoAgency, Inc. v. Ohio Dept. Off Commerce, Div. of Real Estate
(1990), 48 Ohio St.3d 74. Misconduct includes "unprofessional conduct or that conduct involving any breach of duty which is prohibited under professional codes of ethics, or conduct which is contrary to law." Id., at paragraph two of the syllabus.
Unlike the brokers whose conduct was at issue in Kiko and inHughes v. Ohio Div. of Real Estate (1993), 86 Ohio App.3d 757, appellant here did not violate any statutory, regulatory, or ethical duty by charging a fee for services without a contract. Reasonable persons might differ as to whether a broker should be allowed to charge for his services under those circumstances.
 * * * any regulation that the commission enacts which prohibits conduct that is not inherently wrong must give reasonable notice to its licensees of the conduct forbidden to them. Hughes v. Ohio Div. of Real Estate (1993), 86 Ohio App.3d 757. If such a regulation fails to give sufficient notice of the conduct it prohibits, a violation of the regulation may not be enforced against the licensee as a form of misconduct for which a penalty may be imposed by the commission.
Lewis v. Ohio Real Estate Commn. (1997), 121 Ohio App.3d 23, 28.
Due process precludes the commission from sanctioning appellant for conduct he could not have known to be prohibited. Therefore, I would conclude the commission's decision was contrary to law, and the trial court erred by affirming the commission's decision.