OPINION
Plaintiff-appellant, Ohio Department of Commerce, Division of Real Estate (ODCDRE), appeals a decision rendered by the Jefferson County Court of Common Pleas whereby the trial court issued an order reversing and vacating the order of the Ohio Real Estate Commission (Real Estate Commission) finding defendant-appellee, Phillip Flenniken (Flenniken), guilty of misconduct in violation of R.C. 4735.18(A)(6).
Flenniken has worked in the realty business since 1975. In 1994, Mary Ann Clarke approached Flenniken and asked him to show her a home owned by Wayne and Charlotte Terry. The Terrys listed the home with Century 21 Teramana-Westling, Inc. of Steubenville, Ohio. Flenniken represented the sellers.
After being shown the home, Ms. Clarke began making offers to purchase the home. Ms. Clarke made her first offer June 29, 1994. Flenniken completed an Agency Disclosure Statement that listed "Century 21/Cain/Flenniken" as the selling broker and "Phil Flenniken" as the selling agent representing the owner. The Terrys rejected this offer.
On July 29, 1994, Ms. Clarke proposed a second offer to the Terrys. Flenniken prepared a second Agency Disclosure Statement, which listed "Teramana-Westling" as the selling broker and "Flenniken" as the selling agent representing the owner. The Terrys also rejected this offer.
On August 4, 1994, Ms. Clarke submitted a third offer to purchase the property. Once again, Flenniken prepared the Agency Disclosure Statement. This third form listed "Century 21" as the selling broker and "Flenniken" as the selling agent. The Terrys accepted this offer.
Thus, Flenniken listed four business names on three separate agency disclosure statements with no form listing the same combination of businesses. In all three statements, Flenniken was listed as the seller's agent.
After the closing, Ms. Clarke discovered a series of defects within the home. Ms. Clarke hired an attorney who advised her to file a lawsuit against the sellers. Ms. Clarke's attorney also suggested that she join Century 21 and Cain Realty as defendants, and that she should file a complaint with ODCDRE. Ms. Clarke filed her complaint with ODCDRE.
On June 17, 1997, ODCDRE charged Flenniken with three violations of R.C. 4735.18(A)(6).
On July 21, 1998 an administrative hearing was held in front of a hearing examiner. After hearing testimony from both parties, the hearing examiner issued a set of Findings of Fact and Conclusions of Law. The hearing examiner found that Flenniken's actions amounted to violations of R.C. 4735.18(A)(6) as alleged in Counts 2 and 3 of ODCDRE's complaint. The hearing examiner recommended that the Real Estate Commission adopt the hearing examiner's findings and find Flenniken guilty of two counts of misconduct in violation of R.C. 4735.18(A)(6).
On July 31, 1998, the hearing examiner issued a correction to his report and recommended that Flenniken be found guilty of gross negligence instead of misconduct for the charges recited in paragraph three of ODCDRE's complaint.
The Real Estate Commission held a formal hearing on the matter September 9, 1998. On September 16, 1998, the Real Estate Commission issued a decision and found that Flenniken's actions constituted a violation of R.C. 4732.18(A)(6). The Real Estate Commission held:
 "That Phillip J. Flenniken is found not to have violated Ohio Revised Code Section 4735.18(A)(6) as set forth in paragraph 1 of the Notification of Formal Hearing. The Commission reversed the hearing examiner's report and found no violation of Ohio Revised Code Section 4735.18(A)(6) as set for [sic] in paragraph 2 of the Notification of Formal Hearing. Further, he is found to have violated Ohio Revised Code Section 4735.18(A)(6) as set forth in paragraph 3 of the Notification of Formal Hearing and his license is hereby suspended for a period of thirty (30) days, to commence on October 5, 1998, he shall be fined One-Thousand ($1,000.00) Dollars to be paid by October 16, 1998, and he is ordered to complete proof of the ten (10) hour post-licensure brokerage course to be submitted to this agency within sixty (60) days of the date of this Order." (Emphasis sic.)
Flenniken filed timely notice of appeal to the Jefferson County Court of Common Pleas. Flenniken moved for a stay of execution of judgment, which the trial court granted on September 28, 1998.
The trial court held a hearing on the matter September 8, 1999. On September 27, 1999, the trial court vacated the order of the Real Estate Commission and entered a judgment finding that the Real Estate Commission abused its discretion by finding Flenniken guilty of misconduct under R.C. 4732.18(A)(6). In addition, the trial court also found that the Real Estate Commission's Findings of Fact and Conclusions of Law finding Flenniken in violation of R.C. 4735.18(A)(6) were not supported by reliable, probative, or substantial evidence, and were not in accordance with the law.
ODCDRE filed this timely notice of appeal on October 26, 1999.
ODCDRE's first assignment of error states:
 "THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION WHEN IT RULED THAT THE ORDER OF THE OHIO REAL ESTATE COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND WAS NOT IN ACCORDANCE WITH LAW."
ODCDRE's second assignment of error states:
 "THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION IN REVERSING THE ORDER OF THE OHIO REAL ESTATE COMMISSION WHICH FOUND APPELLANT TO HAVE VIOLATED O.R.C. 4735.18(A)(6). BY FAILING TO GIVE SUBSTANTIAL DEFERENCE TO THE OHIO REAL ESTATE COMMISSION, THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW."
Since ODCDRE's first two assignments of error raise similar issues of legal analysis, they will be discussed together.
ODCDRE argues that the trial court abused its discretion when it vacated the judgment of the Real Estate Commission and ruled that the Real Estate Commission's findings were not supported by competent and credible evidence. ODCDRE argues that Flenniken committed misconduct by providing Ms. Clarke with three erroneous Agency Disclosure Statements, which listed different "brokerage" firms in each of the three disclosure statements.
R.C. 119.12 permits real estate licensees to appeal decisions of the Ohio Department of Commerce's Division of Real Estate to the common pleas court. That section states in relevant part:
 "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"
When reviewing an order of an administrative agency in an R.C. 119.12
appeal, the common pleas court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. See, also, Bottoms Up, Inc. v. Ohio LiquorControl Comm. (1991), 72 Ohio App.3d 726, 728. The common pleas court "`must give due deference to the administrative resolution of evidentiary conflicts'" and, therefore, must not substitute its judgment for that of the administrative agency. Hawkins v. Marion Corr. Inst. (1990),62 Ohio App.3d 863, 870, quoting Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111. When the common pleas court is reviewing a decision of the Ohio Real Estate Commission, "the commission must be given considerable discretion in a license suspension or revocation hearing in determining whether certain conduct is violative of a set standard of practice in the industry." Hughes v. Ohio Div. of RealEstate (1993), 86 Ohio App.3d 757, 760, citing Vradenburg v. Ohio RealEstate Comm. (1982), 8 Ohio App.3d 102, 104.
In reviewing the decision of a common pleas court, the appellate court partakes in a limited review:
 "[An] appellate court's review is even more limited than that of the trial court. While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Pons, 66 Ohio St.3d at 621.
After thoroughly reviewing the record, the trial court did not abuse its discretion in finding that the judgment of the Real Estate Commission was not supported by reliable, probative, and substantial evidence. Although the Real Estate Commission is given due deference in determining what constitutes misconduct under R.C. 4735.18(A)(6), the Real Estate Commission failed to present any evidence to support the conclusion that Flenniken's actions amounted to conduct prohibited under R.C.4735.18(A)(6).
R.C. 4735.18 lists the grounds for which the superintendent of real estate may suspend or revoke a realtor's license, and provides in relevant part:
 "(A) [T]he superintendent of real estate * * * may investigate the conduct of any licensee. Subject to section 4735.32 of the Revised Code, the Ohio real estate commission shall, pursuant to section 4735.051
of the Revised Code, impose disciplinary sanctions upon any licensee who, whether or not acting in the licensee's capacity as a real estate broker or salesperson, or in handling the licensee's own property, is found to have been convicted of a felony or a crime of moral turpitude, and shall, pursuant to section 4735.051 of the Revised Code, impose disciplinary sanctions upon any licensee who, in the licensee's capacity as a real estate broker or salesperson, or in handling the licensee's own property, is found guilty of:
"* * *
 "(6) Dishonest or illegal dealings, gross negligence, incompetency, or misconduct[.]"
 In determining what actions amount to misconduct, the Ohio Supreme Court noted:
 "`Misconduct' under R.C. 4735.18(F) (now 4735.18(A)(6)) includes unprofessional conduct or that conduct involving any breach of duty which is prohibited under professional codes of ethics, or conduct which is contrary to law. Willfulness, good intentions or actual harm to a party are not necessarily controlling factors in such license suspension proceedings." Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate
(1990), 48 Ohio St.3d 74, 76.
In Hughes v. Ohio Div. of Real Estate (1993), 86 Ohio App.3d 757, the court examined the limitations placed on the Real Estate Commission's ability and discretion to determine what conduct the Real Estate Commission may sanction as a violation of R.C. 4735.18(A)(6). The court noted:
 "Hughes's conduct in the instant case is not expressly prohibited under Ohio Statute, the Ohio Administrative Code or in the Canons of Ethics for the Real Estate Industry * * *.
"* * *
 "Before the commission may prohibit conduct that is not malum in se, it should give a person of ordinary intelligence reasonable notice that his contemplated conduct is forbidden. Hughes was not on notice that his conduct would be considered inappropriate, and he was suspended for conduct that was not apparently wrong. This lack of notice would seem to violate due process concepts that require that persons be given fair notice of conduct that may expose them to sanctions." Hughes, 86 Ohio App.3d at 761-762.
Applying the law to the facts of the present case, ODCDRE's argument is without merit. A thorough review of the record shows that ODCDRE and the Real Estate Commission have failed to specify what part of R.C.4735.18(A)(6) Flenniken violated. ODCDRE has presented no evidence showing that Flenniken's conduct was malum in se, expressly prohibited by statute, the Ohio Administrative Code, or by the Canons of Ethics for the Real Estate Industry. Adopting ODCDRE's argument and reinstating the order of the Real Estate Commission would implicate and raise serious concerns over deprivation of notice and due process. As such, the Real Estate Commission is precluded from sanctioning Flenniken's conduct.
The only allegations of wrongdoing here alleged by ODCDRE stem from the manner in which Flenniken filled out the Agency Disclosure Statements. Ohio Adm. Code 1301:5-5-05 (repealed 1-1-97) provided in relevant part:
 "(A) Every licensee preparing or submitting an offer on behalf of a prospective purchaser shall disclose to the prospective purchaser in writing as hereafter provided whether he is acting in the transaction as the purchaser's agent, as the seller's agent, or as a dual agent representing the seller. Such written disclosure shall be provided to a prospective purchaser through an `Agency Disclosure Statement' in a form prescribed by the superintendent of real estate and approved by the Ohio real estate commission. The licensee shall provide the disclosure form to the prospective purchaser as soon as practicable, but in no event later than the preparation or submission of the offer to purchase, exchange, or lease of real estate on behalf of the prospective purchaser * * *." (Emphasis added.)
The intent underlying Ohio Adm. Code 1301:5-5-05(A) was to cure the conflict of dual agency. Lewis v. Ohio Real Estate Comm. (1997),121 Ohio App.3d 23, 27. "Because a real estate broker who represents both the purchaser and the seller may reap a commission from both parties, the broker has a pecuniary interest in closing a sale which could conflict with his fiduciary obligation to one of them." Id. Disclosure of this dual agency cures this conflict. Id.
Flenniken complied with Ohio Adm. Code 1301:5-5-05(A). As noted, Flenniken did provide Ms. Clarke with the underlying Agency Disclosure statements. All three-disclosure statements, which Flenniken provided Ms. Clarke, listed Flenniken as the seller's agent. By disclosing his status as the seller's agent, Flenniken complied with Ohio Adm. Code1301:5-5-05(A).
ODCDRE asks the court to impose liability and find Flenniken guilty of misconduct or gross negligence under R.C. 4735.18(A)(6) for the inconsistencies in the listing of the brokerage firms throughout the three Agency Disclosure Statements. However, as in Hughes, Flenniken's conduct was not malum in se, nor expressly prohibited under Ohio Statute, the Ohio Administrative Code, or in the Canons of Ethics for the Real Estate Industry. As noted by other courts of Ohio, a general policy of the commission that is not adopted as a formal rule should not be the basis for sanctions for noncompliance. Hughes, 86 Ohio App.3d at 760;Lewis, 121 Ohio App.3d at 28.
For the foregoing reasons, ODCDRE's first and second assignments of error are without merit.
ODCDRE's third and final assignment of error states:
 "THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION BY REVERSING THE ORDER OF THE OHIO REAL ESTATE COMMISSION WITHOUT MAKING AN INDEPENDENT ANALYSIS OF THE ISSUES. THE FAILURE TO DO SO WAS AN ABUSE OF DISCRETION."
In ODCDRE's third assignment of error, ODCDRE argues that the trial court abused its discretion by failing to include a written analysis of how it arrived at the decision that the Real Estate Commission's decision was not supported by reliable, probative, or substantial evidence, and was not in accordance with the law. ODCDRE argues that the trial judge never provided any indication in his judgment entry that he examined the transcript of the Administrative Hearing of July 21, 1998, the Administrative Hearing Officer's Findings of Fact of July 31, 1998, or the transcript of the hearing on September 9, 1998 before the Real Estate Commission.
ODCDRE's argument is unsubstantiated. In reviewing claims of irregularity against the proceedings in the trial court, it should be noted that there is a presumption of regularity accorded to all judicial proceedings. State v. Sweet (1995), 72 Ohio St.3d 375, 376; Coleman v.McGettrick (1965), 2 Ohio St.2d 177, 180.
On September 27, 1999, the trial court entered its judgment order in the matter reversing and vacating the findings of the Real Estate Commission. The trial judge held:
 "Upon the briefs of the parties and the oral arguments advanced in support thereof, this Court hereby finds that the Findings of Fact and Conclusions of Law finding that Appellant [Flenniken] was in violation of Ohio Revised Code § 4735.18(A)(G) [sic] is not supported by reliable, probative, substantial evidence and is not in accordance with the law.
 "This Court further finds that the Findings of Fact and Conclusions of Law and Order of the Appellees [Commission] is [sic] unreasonable, arbitrary and capricious."
"Mere unsupported allegations that the trial court did not conduct an independent review of the record is insufficient to overcome the presumption of regularity accorded all judicial proceedings." Upper KrustSouth, Inc. v. School Employees Retirement Bd. of Ohio (Mar. 29, 1996), Montgomery App. Nos. 15349/15399, unreported, 1996 WL 139406 at *4. The mere fact that the trial court failed to state expressly that it reviewed the transcript does not support the conclusion that the trial court failed to conduct the appropriate review.
After thoroughly reviewing the entire record, including the hearing before the Administrative Officer and the hearing before the Real Estate Commission, the trial court was correct in determining that the judgment of the Real Estate Commission was not supported by probative, reliable, or substantial evidence. Specifically, there was no evidence presented by the State that Flenniken's actions were malum in se, statutorily prohibited, prohibited by regulation, or in violation of any ethical practice that would qualify as misconduct under R.C. 4735.18(A)(6).
For the aforementioned reasons, ODCDRE's third assignment of error is without merit.
Accordingly, for the reasons stated herein, the order of the trial court is hereby affirmed.
 _____________________ DONOFRIO, J.
Vukovich, J., concurs, Waite, J., concurs.