OHIO DEPARTMENT OF COMMERCE, DIVISION
OF REAL ESTATE, Appellant,

v.

DePUGH, Appellee.

[Cite as *Ohio Dept. of Commerce, Div. of Real Estate
v. DePugh* (1998), 129 Ohio App.3d 255.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 98 CA 2395.

Decided July 27, 1998.

256

*Betty D. Montgomery,* Attorney General, and *Barry D. McKew,* Assistant Attorney General, for appellant.

*Cutright & Cutright* and *James K. Cutright,* for appellee.

PETER B. ABELE, JUDGE.

This is an appeal from a Ross County Common Pleas Court judgment reversing a decision of the Ohio Department of Commerce, Division of Real Estate, appellant herein, to suspend the real estate license of Larry A. DePugh, appellee herein.

Appellant assigns the following errors[1]:

First Assignment of Error:

"The common pleas court erred as a matter of law and abused its discretion when it ruled that the order of the Ohio Real Estate Commission was not

---

1. App.R. 16(A)(3) requires appellants to include in their appellate briefs "a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."

Appellant failed to state its assignments of error. In the interest of justice, we will consider the two issues that appellant presents for review to be appellant's assignments of error.

supported by reliable, probative and substantial evidence and not in accordance with law."

Second Assignment of Error:

"The common pleas court abused its discretion and erred as a matter of law in determining that a real estate licensee may rely exclusively on advice of counsel in bringing an action for payment of a commission, thus exonerating the licensee from administration sanction."

Appellee has been a licensed real estate broker since 1978. On October 19, 1994, appellee's agent Scott Knowles obtained a ten-day listing agreement with Robert D. and Maria G. Miller for the sale of a home they built on speculation at 3 Hidden Point Lane, Chillicothe, Ohio. At the time he obtained the listing, he knew that George and Esther Goldsberry had approached the Millers two months earlier about buying the house, and he knew that the Goldsberrys were still interested in buying the house. The listing agreement provided that appellee would earn a commission if, within thirty days after the October 29, 1994 expiration date of the listing agreement, the Millers sold the house to anyone with whom they had negotiated during the ten-day listing period.

During the ten-day period of the listing agreement, George and Esther Goldsberry attended an open house hosted by Knowles at the property. The day after the October 24, 1994 open house, the Goldsberrys offered to buy the house for $125,000. The Millers rejected the offer. Nearly two months after the listing agreement expired, the Millers sold the property to the Goldsberrys for $125,000.

After the sale, appellee sought legal advice concerning whether he could recover a commission on the sale price. Appellee's attorney, Thomas Spetnagel, advised appellee to sue the Millers for a commission on their December 21, 1994 sale to the Goldsberrys. Appellee sued the Millers and lost.

In response to the unsuccessful lawsuit, the Millers filed a grievance against appellee before the Ohio Department of Commerce, Division of Real Estate. On November 3, 1995, appellant sent appellee a notice that a formal hearing would be held on the following allegation:

"You, Larry A. DePugh, d.b.a. Larry DePugh Realty, acting in your capacity as a licensed real estate broker did the following with respect to a real estate transaction involving property located at 3 Hidden Point Lane, Chillicothe, Ohio, hereinafter referred to as 'the subject property':

"Demanded, without reasonable cause, by way of a lawsuit filed in the Chillicothe Municipal Court of Ross County in Case No. 95 CVF14, a real estate commission from Robert and Maria Miller regarding the sale of the subject property, and which commission you were not entitled. Your conduct in this regard constitutes a violation of Ohio Revised Code Section 4735.18(A)(10) and is

misconduct, incompetency, and/or gross negligence in violation of Section 4735.18(A)(6) of the Ohio Revised Code."

On January 9, 1996, a hearing examiner appointed by the Ohio Department of Commerce conducted a formal hearing on the matter. On January 24, 1996, the hearing examiner presented findings of fact and conclusions of law to the Ohio Real Estate Commission. After finding that appellee had reasonably relied upon the advice of his attorney when filing suit against the Millers, the hearing examiner concluded that appellee had not violated R.C. 4735.18(A)(6) and (A)(10). The hearing examiner wrote conclusions of law as follows:

"1. A real estate broker must be entitled to rely significantly on his or her representative attorney with respect to legal issues. This reliance would include the assessment of the merits and legal propriety of real estate commission entitlement. While such reliance is not unfettered, it is a basic consideration, one which weighs strongly in this case, since the attorney did the primary evaluation of the case and decided legal action was warranted.

"Both a broker and his or her attorney, as a general rule, must be free of any wantonness or lack of care in pursuing commission claims and the demands must be honestly considered in order to avoid the triggering of Ohio Revised Code Section 4735.18(A)(10), which is license law provision that proscribes unreasonable commission demands. * * *

"* * *

"4. It is also concluded there was a reasonable basis to pursue the case based upon the facts as recanted by Mr. Knowles to Mr. Spetnagel. Legal precedent was available as persuasive legal support to the theory of the initiated case.

"5. The fact that the brokerage did not ultimately prevail in court is not the key factor in addressing the initiation of the legal action as being reasonable or not. Given the circumstances as a whole, these considerations are outweighed by focusing on the transactional history of which respondent and his attorney were aware.

"6. On the basis of these factors, it is concluded respondent violated neither Section 4735.18(A)(6) nor (A)(10) of the Ohio Revised Code for reason that: (1) He prudently relied on his attorney's case assessment in verifying the apparent factual an [sic] alleged basis for the lawsuit; (2) From the vantage of either respondent or his attorney, there was a reasonable basis to pursue the Millers for the commission although respondent did not timely prevail."

Appellant disagreed with the hearing examiner's conclusions. In its March 25, 1996 order, appellant wrote as follows concerning action it took on the case during its March 18, 1996 meeting:

"The Commission, based upon a review of the entire record, rejected or modified Conclusions of Law Numbers 1, 5 and 6. The operative facts, as set forth in the hearing officer's report, taken as a whole supported a finding of a violation of the license laws. These facts included (1) the initial contact between the buyers and sellers without any brokerage participation as noted in Paragraph 5; (2) the short, 10 day, duration of the listing as noted in. Paragraph 6; (3) the lack of contact between the brokerage and the ultimate buyer during the entire period in question as noted in Paragraph 9; (4) the ultimate purchase price of $125,000 as noted in Paragraph 11; and (5) finally, the trial court's ruling that there was neither an expressed contract or equitable grounds for the payment of a real estate commission as noted in Paragraph 13.

"Based upon these facts the Commission modified Conclusion of Law No. 1 as the broker cannot shift the responsibility for the decision, in fact, to initiate legal action to his attorney and the attorney cannot 'decide' legal action is appropriate. Advice of counsel may be used to mitigate an offense, but the Commission rejects the conclusion that it is a basis to avoid responsibility for an act only a real estate broker may do, including demanding a commission. The Commission also rejected Conclusion of Law Number 5 as they found the underlying court decision, the date (December 15) of the contract, and the contact directly between the buyers and the sellers in this case were significant and a key to determining the reasonableness of the initiation of legal action by the broker. The Commission rejected Conclusion of Law Number 6 as they found substantial reliable evidence of a violation of Ohio Revised Code Sections 4735.18(A)(6) and 4735.18(A)(10)."

On March 28, 1996, appellee filed a notice of appeal with the Ross County Common Pleas Court. On December 17, 1997, the common pleas court reversed the commission's order. The common pleas court found that appellant's order was not supported by reliable, probative, and substantial evidence. The common pleas court wrote that "the findings of the hearing officer are hereby incorporated into this judgment entry."

Appellant filed a timely notice of appeal.

I

In the first assignment of error, appellant asserts that "the common pleas court erred as a matter of law and abused its discretion when it ruled that the order of the Ohio. Real Estate Commission was not supported by reliable, probative, and substantial evidence and not in accordance with law."

R.C. 119.12 permits real estate licensees to appeal decisions of the Ohio Department of Commerce's Division of Real Estate to the common pleas court.

When reviewing an order of an administrative agency in an R.C. 119.12 appeal, the common pleas court must determine whether the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 17 O.O.3d 65, 66–67, 407 N.E.2d 1265, 1267; *Bottoms Up, Inc. v. Liquor Control Comm.* (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476. Generally, the common pleas court must defer to the agency's resolution of factual questions; however, the court need not accept improperly drawn inferences from the evidence, or accept evidence which is neither reliable nor probative. *Univ. of Cincinnati*, 63 Ohio St.2d at 110, 17 O.O.3d at 66–67, 407 N.E.2d at 1268; *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303, 1305. The common pleas court may decide purely legal questions *de novo*. *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 470–471, 613 N.E.2d 591, 595–596; *Joudah v. Ohio Dept. of Human Serv.* (1994), 94 Ohio App.3d 614, 616–617, 641 N.E.2d 288, 290.

■■■ In appeals from administrative agencies, we must review the judgment of the common pleas court under an abuse-of-discretion standard. *Hi Rise, Inc. v. Ohio Liquor Control Comm.* (1995), 106 Ohio App.3d 151, 153, 665 N.E.2d 707, 709; *Leo G. Keffalas, Inc. v. Ohio Liquor Control Comm.* (1991), 74 Ohio App.3d 650, 652, 600 N.E.2d 275, 277. An abuse of discretion occurs when the common pleas court's decision is unreasonable, arbitrary, or unconscionable. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750. When determining whether the common pleas court abused its discretion, we must be guided by a presumption that the common pleas court was correct. *Gentile v. Ohio Real Estate Comm.* (Mar. 4, 1998), Summit App. No. 18449, unreported, 1998 WL 114466; *D. Michael Smith Enterprises, Inc. v. Ohio Liquor Control Comm.* (Oct. 29, 1997), Summit App. No. 18332, unreported, 1997 WL 775658.

■■■ On purely legal questions, however, we apply a *de novo* standard of review. In *Moran v. Ohio Dept. of Commerce, Div. of Real Estate* (1996), 109 Ohio App.3d 494, 497, 672 N.E.2d 699, 701, the court noted that an appellate court's standard of review in appeals from administrative agencies is *de novo* on questions of law. See, also, *Lewis v. Ohio Real Estate Comm.* (1997), 121 Ohio App.3d 23, 698 N.E.2d 1023, in which the court held that an appellate court must determine whether the common pleas court correctly decided questions of law.

In the case *sub judice*, appellant argues that the trial court abused its discretion by reversing appellant's finding that appellee violated R.C. 4735.18(A)(6) and (A)(10). Appellant argues that the trial court failed to give proper deference to appellant's finding that appellee violated R.C. 4735.18(A)(6) and (A)(10). R.C. 4735.18(A)(6) and (A)(10) provide as follows:

"(A) Subject to section 4735.32 of the Revised Code, the superintendent of real estate * * * shall, pursuant to section 4735.051 of the Revised Code, impose disciplinary sanctions upon any licensee who, in the licensee's capacity as a real estate broker or salesperson, or limited real estate broker or salesperson, or in handling the licensee's own property, is found guilty of:

"* * *

"(6) Dishonest or illegal dealing, gross negligence, incompetency, or misconduct;

"* * *

"(10) As a real estate broker or limited real estate broker, having demanded, without reasonable cause, other than from a broker licensed under this chapter, a commission to which the licensee is not entitled * * *."

In *Kiko v. Ohio Dept. of Commerce* (1990), 48 Ohio St.3d 74, 549 N.E.2d 509, paragraph one of the syllabus, the court held as follows:

"Pursuant to R.C. 4735.18, the Superintendent of Real Estate may investigate the conduct of any real estate licensee, and the Ohio Real Estate Commission is empowered to determine whether the acts of a broker constitute 'misconduct' within the meaning of R.C. 4735.18(F)."

Although we agree with appellant that it is empowered to determine whether the acts of a broker constitute misconduct, in the case *sub judice* we find no abuse of discretion in the common pleas court's conclusion that the appellant's decision against appellee was not supported by reliable, probative, and substantial evidence. Moreover, we note that appellant did not modify the hearing examiner's conclusion of law number 4, which states as follows:

"4. It is also concluded that *there was a reasonable basis to pursue the case* based upon the facts as recanted by Mr. Knowles to Mr. Spetnagel. Legal precedence was available as persuasive legal support to the theory of the initiated case." (Emphasis added.)

Appellant adopted that particular conclusion of law made by the hearing examiner.[2] Appellee presented evidence to the hearing examiner that supports

---

2. At first glance, it appears that appellant's adoption of the hearing examiner's fourth conclusion of law may be inconsistent with appellant's rejection of the hearing examiner's first, fifth, and sixth conclusions of law. In the absence of any correction to appellant's March 25, 1996 order, we must assume that no inconsistency exists.

the conclusion that "there was a reasonable basis to pursue" collection of a commission from the Millers. The evidence presented included testimony by appellee's attorney, Thomas Spetnagel, that he believed a reasonable basis existed to sue the Millers for a commission. Spetnagel testified in detail concerning his evaluation of the case against the Millers. Spetnagel outlined the facts and court decisions he considered when making that evaluation.[3] In view of Spetnagel's testimony, and in view of the lack of sufficient probative evidence to rebut Spetnagel's testimony, we find no abuse of discretion with the common pleas court's decision to reverse appellant's decision that found appellee violated R.C. 4735.18(A)(6) and (A)(10).

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

## II

In the second assignment of error, appellant asserts that "the common pleas court abused its discretion and erred as a matter of law in determining that a real estate licensee may rely exclusively on advice of counsel in bringing an action for payment of a commission, thus exonerating the licensee from administrative sanction."

Initially we note that contrary to appellant's assertion, the common pleas court made no such determination in its judgment. Although the common pleas court incorporated the hearing examiner's findings of fact into its judgment, the common pleas court did not incorporate the hearing examiner's conclusions of law into its judgment.

Assuming, *arguendo,* that the common pleas court did incorporate the hearing examiner's conclusions of law into its judgment entry, we would find no error. We note that the hearing examiner's conclusions of law did not state that "a real estate licensee may rely *exclusively* on advice of counsel in bringing an action for payment of a commission, thus exonerating the licensee from administrative sanction." (Emphasis added.) Rather, the hearing examiner stated that "a real estate broker must be entitled to rely *significantly* on his or [her] representative attorney with respect to legal issues." (Emphasis added.) Exclu-

---

3. The evidence identified by Spetnagel includes a typed summary of a log of occurrences relating to Knowles's attempts to sell the property in question. We note that the summary reveals several highly questionable practices on the part of Knowles. Nevertheless, this court's role in the case *sub judice* is limited to addressing the issues raised in appellant's assignments of error.

sive reliance on an attorney's advice is not the same thing as significant reliance on an attorney's advice.

The hearing examiner recognized the difference between the two types of reliance when he wrote that a real estate licensee's significant reliance on an attorney's advice "is not unfettered," but rather is a basic consideration which may weigh strongly in a case. The hearing examiner further concluded that appellee's reliance on his attorney's advice weighed strongly in the case *sub judice* because "the attorney did the primary evaluation of the case [against the Millers] and decided legal action was warranted."

Once again, we note that appellant's attorney, Thomas Spetnagel, testified in detail concerning his evaluation of the case against the Millers. Spetnagel outlined the facts and court decisions he considered when making that evaluation. Prior to making their decisions in the case *sub judice,* the hearing examiner and the common pleas court had the opportunity to review Spetnagel's testimony and to consider the merits of his evaluation of appellee's case against the Millers.

We readily acknowledge that under different circumstances, a real estate licensee facing an R.C. 4735.18 misconduct action may not be able to use a legal professional's advice as a shield. Whether a real estate licensee's reliance upon legal advice was reasonable, proper, and in accordance with real estate licensee professional standards must be evaluated under each case's unique facts and circumstances.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

*Judgment affirmed.*

HARSHA and KLINE, JJ., concur.