OPINION
Appellant, U.M.C.-U.M.C. Limited ("U.M.C.") appeals from the judgment of the Franklin County Court of Common Pleas, which determined that U.M.C.'s reinsurance policy claims have lower priority status than direct insurance policy claims for purposes of distribution of assets from the estate of a liquidated insurance company. In so ruling, the trial court rendered judgment in favor of plaintiff-appellee, J. Lee Covington, III, Superintendent of Insurance for the State of Ohio.
The facts in this case are undisputed. Defendant-appellee, The Ohio General Insurance Company ("Ohio General"), was placed into liquidation by the Franklin County Court of Common Pleas on March 28, 1990. Ohio General's predecessor, Ohio Reinsurance Corporation, had issued several reinsurance contracts to U.M.C.'s clients. On March 25, 1991, U.M.C. filed a proof of claim in which it purported to be a Class 2 creditor under Ohio's liquidation priority distribution statute. The Superintendent of Insurance, acting as liquidator, issued a claim determination on March 26, 1998, classifying U.M.C. as a Class 5 general creditor.
On May 22, 1998, U.M.C. filed objections to the liquidator's Class 5 determination, asserting that U.M.C. was entitled to be classified as a Class 2 policyholder. On January 26, 2000, the liquidator filed a motion to deny U.M.C.'s objections and approve the liquidator's claim determination. The parties agreed to allow a magistrate to decide the dispute based upon the written briefs of the parties. On September 22, 2000, the magistrate issued a decision denying U.M.C.'s objections and approving the liquidator's determination that U.M.C.'s reinsurance policy claims were subject to Class 5 priority for general creditors. The trial court adopted, with minor modifications, the magistrate's decision.
U.M.C. now asserts the following assignments of error:
 I. The lower court erred in granting plaintiff/appellee's motion by concluding, as a matter of law, that O.R.C. § 3903.42(B) precludes reinsurance policies.
 II. The lower court erred by concluding, as a matter of law, that Ohio has a statutory policy giving higher priority to claims of direct policyholders.
 III. The lower court erred by concluding, as a matter of law, that deference should be accorded to the Liquidator's interpretation of O.R.C. § 3903.42 in absence of a long-standing practice.
 IV. The lower court erred in failing to grant claimant/appellant UMC's cross-motion upholding its objections and approving its claim as a Class 2 claim.
We address appellant's assignments of error simultaneously, as they all pertain to the trial court's determination that, as a reinsurance policyholder, U.M.C. is a Class 5 claimant, not a Class 2 claimant, under R.C. 3903.42. We apply a de novo standard of review, as this appeal raises purely legal issues. See Ohio Dept. of Commerce, Div. of Real Estate v. DePugh (1998), 129 Ohio App.3d 255, 261. Because we conclude that U.M.C. is entitled to Class 2 priority for claims under its reinsurance policies, we reverse.
This case presents an issue of first impression, requiring this court to construe R.C. 3903.42. R.C. 3903.42 establishes Ohio's statutory scheme for the priority of distribution of claims from the estate of a liquidated insurance company. R.C. 3903.42 provides the following in relevant part:
 The priority of distribution of claims from the insurer's estate shall be in accordance with the order in which each class of claims is set forth in this section. Every claim in each class shall be paid in full or adequate funds retained for such payment before members of the next class receive payment. No subclasses shall be established within any class. The order of distribution of claims shall be:
***
 (B) Class 2. All claims under policies for losses incurred, including third party claims, all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property that are not under policies, and all claims of a guaranty association or foreign guaranty association. ***
***
(E) Class 5. Claims of general creditors.
We conclude that, pursuant to the plain language of R.C. 3903.42, U.M.C. is entitled to Class 2 priority for its reinsurance claims.
If the language of a statute is unambiguous, then courts must apply the plain meaning of the words used by the legislature. Roxane Laboratories, Inc. v. Tracy (1996), 75 Ohio St.3d 125, 127. Absent ambiguity in a statute, this court may not delve into legislative intent, but must give effect to the plain meaning of the statute. MCI Telecommunications Corp. v. Tracy (1992), 84 Ohio App.3d 465, 471. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42.
R.C. 3903.42(B) provides Class 2 priority for "[a]ll claims under policies for losses incurred." Although the term "policies" is not defined in Chapter 3903, we conclude that the term is unambiguous and includes reinsurance. Webster's Encyclopedic Unabridged Dictionary (1996) 1113, defines "policy" as "a document embodying a contract of insurance." Black's Law Dictionary (1990) 1157, similarly defines "policy" as "[a] general term used to describe all contracts of insurance." We conclude that both definitions of policy include reinsurance, as reinsurance is a contract of insurance. Black's Law Dictionary also defines "reinsurance" as "[a]n agreement to indemnify the assured, partially or altogether, against a risk assumed by it in policy issued to third party." We conclude that this definition of reinsurance is further indication that the term "policy" includes reinsurance.
Moreover, even were we to determine, as the liquidator argues, that the statutory language is ambiguous, we would nonetheless conclude that U.M.C. is entitled to Class 2 priority because we are persuaded that the legislature intended to include reinsurance among Class 2 claims. The origins of R.C. 3903.42 can be traced in part to the Rehabilitation and Liquidation Model Act promulgated by the National Association of Insurance Commissioners. Class 3 of the Model Act, which is the substantial equivalent of Class 2 under the Ohio statute, provides as follows:
 Class 3. All claims under policies including claims of the federal or any state or local government for losses incurred, ("loss claims") including third party claims, claims for unearned premiums, and all claims of a guaranty association, for payment of covered claims or covered obligations of the insurer. ***
 Notwithstanding the foregoing, the following claims shall be excluded from Class 3 priority:
 (1) Obligations of the insolvent insurer arising out of reinsurance contracts[.] [Emphasis added.]
In adopting R.C. 3903.42(B), the Ohio legislature omitted the Model Act's exclusion for obligations arising out of reinsurance contracts. We conclude that the omission of this exclusionary language evidences the legislature's intent to include reinsurance.
The liquidator argues that we should follow courts from other jurisdictions that have concluded that direct insurance claims have priority over reinsurance claims. We disagree. The liquidator relies on Neff v. Cherokee Ins. Co. (1986), 704 S.W.2d 1. Although the statutory language at issue in Neff was similar to the language in R.C. 3903.43, the Neff court based its decision on issues of public policy, not on the plain meaning of the terms in its statute. Because we conclude that the plain meaning of the language in R.C. 3903.42 provides an adequate expression of the priority for reinsurance claims, we decline to follow the reasoning employed in Neff. We also note that the statutory language in several of the cases cited by the liquidator differs from the language at issue in R.C. 3903.42. See In re Liquidation of Reserve Ins. Co. (Ill. 1988), 524 N.E.2d 538 (considering whether reinsurance agreements are claims "under insurance policies and insurance contracts"); Foremost Life Ins. Co. v. Dept. of Ins. (Ind. 1980), 409 N.E.2d 1092 (considering whether reinsurance agreements are claims "within the coverage of *** insurance policies"). The decisions from these jurisdictions are not instructive, therefore, as to the meaning of R.C. 3903.42.
For the foregoing reasons, we sustain U.M.C.'s first, second, third and fourth assignments of error, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded with instructions to order the Superintendent of Insurance to list U.M.C.-U.M.C. Limited as a Class 2 creditor.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.