[Cite as *Leist v. Mad River Twp. Bd. of Trustees*, 2016-Ohio-2960.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| DAVID LEIST | : | |
| | : | Appellate Case No. 2105-CA-86 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 13-CV-642 |
| v. | : | |
| | : | (Civil Appeal from |
| MAD RIVER TOWNSHIP | : | Common Pleas Court) |
| BOARD OF TRUSTEES | : | |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of May, 2016.

. . . . . . . . . . .

MARK J. BAMBERGER, Atty. Reg. No. 0082053, The Mark Bamberger Co., LLC, 8 South 3rd Street, Tipp City, Ohio 45371
        Attorney for Plaintiff-Appellant

JEFFREY C. TURNER, Atty. Reg. No. 0063154, DAWN M. FRICK, Atty. Reg. No. 0069068, and LIZA BRACKMAN, Atty. Reg. No. 0081315, Surdyk, Dowd & Turner Co., L.P.A., One Prestige Place, Suite 700, Miamisburg, Ohio 45342
        Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

FAIN, J.

        {¶ 1} Appellant David Leist appeals from a judgment of the Clark County Common

Pleas Court affirming a decision of the Mad River Township Board of Trustees

(hereinafter Mad River Board) terminating his employment as fire chief. Leist argues that the trial court erred by rendering judgment without conducting a hearing or considering any evidence. The Mad River Board argues that the statutory procedure for the administrative appeal was followed, and that Leist failed to request a hearing. We conclude that the trial court did not have jurisdiction to review the administrative appeal, because the Board did not issue a final appealable order. Accordingly, the judgment of the trial court is Reversed, and this matter is Remanded to the Mad River Township Board of Trustees.

## I. The Course of Proceedings

{¶ 2} In 2013, Leist filed a civil lawsuit against the trustees who serve on the Mad River Board, setting forth a claim for relief based on defamation. While the civil lawsuit was pending, the Mad River Board conducted an administrative hearing to consider the termination of Leist's employment as fire chief. At the hearing, Leist argued that it was a conflict of interest for the Board members to act as an impartial tribunal while the defamation suit was pending. The Board proceeded with the hearing, and then voted to terminate Leist's employment. Leist appealed to the Clark County Common Pleas Court, and requested a hearing pursuant to R.C. 2506.03. The trial court dismissed the appeal as untimely. Liest appealed to this court. In *Leist v. Mad River Twp. Bd. of Trustees*, 2d Dist. Clark No. 2014-CA-133, 2015-Ohio-1046, we reversed the judgment of the trial court, and remanded the cause to the trial court for further proceedings. Without conducting any hearing, or allowing the parties to submit anything in support of, or in opposition to, the appeal, the trial court issued a one-paragraph opinion affirming the

decision of the Mad River Board as follows:

> Upon a de novo review of the May 6, 2013 administrative hearing, the Court finds the Board did have good cause to terminate Appellant and the decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, the decision of the Mad River Township Board of Trustees to terminate Appellant as Fire Chief is hereby AFFIRMED.

Dkt. #15.

**{¶ 3}** In the first appeal to this court, we held that, "Ex. R of the Administrative Record also contains an undated document which appears to be a copy of minutes of the Board meeting for May 6, 2013. The record does not reveal when the meeting minutes were adopted, or whether a written decision of any sort, either per the meeting minutes or otherwise, was made." *Leist* at ¶ 24. The record does not support a finding that after our remand, the Mad River Board ever issued a written decision with "conclusions of fact," as required by R.C. 2506.03(A)(5). The trial court did not remand the matter to the Mad River Board, did not conduct any hearing, did not allow any party to introduce additional evidence, and did not allow either party to submit briefs in support of its position in the appeal.

## II. The Trial Court Erred by Assuming Jurisdiction Over the Administrative Appeal Without a Final Order

**{¶ 4}** For his sole assignment of error, Liest alleges as follows:

> WHETHER THE COURT ERRED IN ENTERING FINAL JUDGMENT ON APPEAL WITHOUT ALLOWING FOR ANY HEARING

AND/OR EVIDENCE TO SUPPORT THAT THE PLAINTIFF/APPELLANT IS ENTITLED TO RELIEF FROM JUDGMENT PURSUANT TO CIV. R. 60(B). REFERENCED TO ATTACHED ADMINISTRATIVE HEARING TRANSCRIPT.

{¶ 5}  Leist argues that the trial court erred by rendering judgment in favor of the Mad River Board without conducting a hearing or considering additional evidence. Leist argues that the trial court's decision whether to grant a hearing is based on Civ. R. 60(B). We disagree. In an administrative appeal from the decision of a board of a political subdivision, the trial court's procedure is governed by statute, as set forth in Chapter 2506 of the Revised Code.   Pursuant to R.C. 2506.03, the trial court shall decide the appeal by its de novo review of the transcript and decision of the board, unless it appears on the face of the transcript or by affidavit by the appellant, that one of several factors applies, including "the officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication or decision." R.C. 2506.03(A)(5).   "A common pleas court should, when faced with a transcript of proceedings lacking appropriate conclusions of fact, hold an evidentiary hearing to establish the factual basis for the decision being appealed." *Aria's Way, LLC v. Bd. of Zoning Appeals,* 173 Ohio App.3d 73, 2007-Ohio-4776, 877 N.E.2d 398, ¶ 29 (11th Dist.).

{¶ 6}  As we held in the first appeal, the Mad River Board did not issue a "decision" or "final order," as those terms are used in Chapter 2506 of the Revised Code. *Leist* at ¶ 24.   We determined that Leist's appeal was not untimely because the time period for filing an administrative appeal did not begin to run until the decision or final order was issued by the Mad River Board.   In other words, Leist had prematurely filed his

administrative appeal. We have held that, "[a] court of common pleas has no jurisdiction to hear an appeal [under Chapter 2506] unless there is a final order from which to appeal." *Bench Billboard Co. v. City of Dayton*, 2d Dist. Montgomery No. 13015, 1992 WL 80772, *7 (Apr. 10, 1992). "Although this jurisdictional question was not raised in the trial court, the lack of a final appealable order goes to the issue of subject matter jurisdiction which cannot be waived and may be raised sua sponte by an appellate court." *Galloway v. Firelands Local School Dist. Bd. of Edn.*, 9th Dist. Lorain No. 12CA010208, 2013-Ohio-4264, ¶ 6, citing *State ex rel. Wright v. Ohio Adult Parole Auth.,* 75 Ohio St.3d 82, 84, 661 N.E. 2d 728 (1996). In the case before us, the common pleas court would not have jurisdiction to hear Leist's appeal until the Mad River Board issued a final order.

{¶ 7} Unfortunately, in the first appeal, we did not clarify our remand order to direct the trial court to return the case to the Mad River Board for the issuance of a final order. R.C. 2506.08 specifically permits the trial court to "remand the cause to the officer or body appealed from with instructions to enter an order, adjudication or decision." Once the final order is issued by the Mad River Board, Leist may file a new notice of appeal to the Clark County Common Pleas Court to invoke the trial court's jurisdiction. A timely notice of appeal may include an affidavit of the appellant, identifying any circumstance described in R.C. 2506.03 (A)(1) to (5) as grounds for the trial court to conduct a hearing or to accept additional evidence. Based on the directive found in R.C. 2506.03(A) requiring the administrative appeal to "proceed as in the trial of a civil action," the trial court should conduct a pre-trial, and allow motions and briefs to accept the arguments of counsel prior to its review of the administrative record. To afford a meaningful review, the record must reflect that the trial court considered the "whole record, including any new or additional

evidence admitted under R.C. 2506.03," and include an explanation for its determination "whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147-148, 735 N.E.2d 433 (2000). Although a review of the trial court's decision to affirm the Mad River Board is not ripe, we note that the trial court did not utilize the proper statutory standard of review when it found that "the decision was not unlawful, unreasonable, or against the manifest weight of the evidence." Dkt. #15.

**{¶ 8}** Based on our determination that the trial court did not have jurisdiction to consider the administrative appeal, the judgment of the trial court must be Reversed.

## III. Conclusion

**{¶ 9}** The trial court having erroneously assumed jurisdiction in this matter, the judgment of the trial court is Reversed and Vacated. Pursuant to our authority under App. R. 27, this matter is remanded to the Mad River Township Board of Trustees, for issuance of a final order in accordance with Chapter 2506 of the Revised Code.

. . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Mark J. Bamberger
Jeffrey C. Turner
Dawn M. Frick
Liza Brackman
Hon. Douglas M. Rastatter