[Cite as *Dixon v. Caesarscreek Twp. Board of Zoning Appeals*, 2018-Ohio-2549.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| CHERYL DIXON, et al. | : | |
| | : | |
| Plaintiffs-Appellees | : | Appellate Case No. 2018-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-464 |
| | : | |
| CAESARSCREEK TOWNSHIP | : | (Criminal Appeal from |
| BOARD OF ZONING APPEALS | : | Common Pleas Court) |
| | : | |
| Defendants-Appellants | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of June, 2018.

. . . . . . . . . .

BRIAN E. LUSARDI, Atty. Reg. No. 0080294, 85 West Main Street, Xenia, Ohio 45385
     Attorney for Plaintiffs-Appellees

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Greene County Prosecutor, 61 Greene Street, Xenia, Ohio 45385
     Attorney for Defendants-Appellants

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant Caesarscreek Township appeals from a decision of the Greene County Court of Common Pleas, which reversed, on administrative appeal, the Township's denial of a portion of an Agritourism Application submitted by the appellees, Cheryl and Dale Dixon. The Township contends that, because the administrative record was incomplete, the trial court erred by failing to conduct an evidentiary hearing on the issue.

**{¶ 2}** We conclude that the common pleas court did not err in failing to conduct a hearing as the issue of whether the record was complete was waived by the Township. We further conclude that the common pleas court did not abuse its discretion by reversing, in part, the Township's ruling on the Dixon's application.

**{¶ 3}** Accordingly, the judgment of the common pleas court is affirmed.

## I. Facts and Procedural History

**{¶ 4}** Cheryl and Dale Dixon are the owners of a 25 acre family farm located in Caesarscreek Township, Greene County, Ohio. In February 2017, the Dixons filed an Application for Agritourism Activity with the Caesarscreek Township Board of Zoning Appeals (BZA). In the application, the Dixons set out the following four-prong use proposal: (1) "pavilion based" activities including education, entertainment, recreation, historical and cultural events; (2) themed weddings and receptions which would include a farm tour, a petting zoo, and hay/carriage rides; (3) themed birthdays, celebrations and reunions with similar activities as weddings and receptions; and (4) agriculturally-related

workshops.[1]   A public hearing was conducted on June 20, 2017.   The BZA approved the application with regard to the pavilion-based activities and workshops.   However, it denied the application as it related to weddings, birthdays, celebrations and reunions, stating that those uses "are not 'agriculturally related' as required by the Caesarscreek Township Zoning Resolution and the Ohio Revised Code to qualify as Agritourism."

**{¶ 5}** The Dixons filed an administrative appeal with the Greene County Court of Common Pleas on July 20, 2017.   The Township submitted the record on appeal with a notice that there was no audio recording for transcription.   On August 16, 2017, the common pleas court filed an entry stating that the case would be decided on briefs to be filed by the parties.   The Dixons' brief was filed on October 16, and the Township filed its brief on October 27, 2017.   On December 12, 2017, the trial court entered a judgment reversing the BZA's decision insofar as it excepted " 'theme based weddings, receptions, birthday celebrations and reunions' from its acceptance and approval of the Dixon's Agritourism Application."

**{¶ 6}** Caesarscreek Township filed a timely appeal.

## II. Analysis

**{¶ 7}** The Township's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO HOLD A HEARING AS REQUIRED BY R.C. 2506.03.

**{¶ 8}** The Township contends that the common pleas court abused its discretion because it failed to conduct an evidentiary hearing as required by R.C. 2506.03.

---

[1] The record indicates that the farm has an existing pavilion located near the farmhouse.

{¶ 9} In *Key Ads v. Dayton Bd. Of Zoning Appeals*, 2014-Ohio-4961, 23 N.E.3d 266, (2d Dist.), we set forth the following regarding the standards of review in an administrative appeal brought under R.C. Chapter 2506.01:

"The standards of review for a court of common pleas and an appellate court differ considerably when an administrative appeal is involved." *Gem City Metal Spinning Co. v. Dayton Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 22083, 2008-Ohio-181, ¶ 17. In the case of *In re Application for Conditional Use of Watkins*, 2d Dist. Montgomery No. 17723, 2000 WL 192430 (Feb. 18, 2000), this court confirmed that a court of common pleas must " 'determine whether there exists a preponderance of reliable, probative, and substantial evidence to support' " an agency's decision. *Id*. at \*2, quoting *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). "Further, the [common pleas] court must presume that the agency decision is 'reasonable and valid.' " *Id.*, quoting *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals*, 66 Ohio St.3d 452, 456, 613 N.E.2d 580 (1993). "[I]n an administrative appeal pursuant to R.C. Chapter 2506, the common pleas court considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." (Citation omitted.) *Durell v. Spring Valley Twp. Bd. of Zoning Appeals*, 2d Dist. Greene No. 2012 CA 23, 2012-

Ohio-5098, ¶ 21.

In contrast, when an appellate court reviews a common pleas court's decision regarding an agency order, the appellate court uses two distinct standards of review. *Lamar Outdoor Advertising v. Dayton Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 18902, 2002 WL 1349600, *2 (June 21, 2002). On a question of fact, an appellate court's review is limited to an abuse of discretion. (Citation omitted.) *Id.* However, on a question of law, an appellate court's review is de novo. *Ohio Dept. of Commerce, Div. of Real Estate v. DePugh*, 129 Ohio App.3d 255, 261, 717 N.E.2d 763 (4th Dist.1998).

*Id.* at ¶ 12 – 13.

**{¶ 10}** On appeal to this court, the Township contends that the failure of the common pleas court to conduct an evidentiary hearing constitutes an abuse of discretion because the transcript, which the BZA filed in the common pleas court, did not contain conclusions of fact supporting the BZA's final decision. In support, it cites *Leist v. Mad River Twp. Bd. of Trustees*, 2d Dist. No. 2015-CA-86, 2016-Ohio-2960, for the proposition that "[a] common pleas court should, when faced with a transcript of proceedings lacking appropriate conclusions of fact, hold an evidentiary hearing to establish the factual basis for the decision being appealed." *Id.* at ¶ 5, citing *Aria's Way, LLC v. Bd. of Zoning Appeals*, 173 Ohio App.3d 73, 2007–Ohio–4776, 877 N.E.2d 398, ¶ 29 (11th Dist.). The Township thus argues that it is entitled to a reversal and remand for a hearing before the common pleas court.

**{¶ 11}** R.C. 2506.03 provides in pertinent part as follows:

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

* * *

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

(B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party.   * * *

{¶ 12} First, we note that that the BZA's decision was not based upon its findings of fact, because the facts in this case are not disputed.   Rather, the BZA rendered its decision based upon its interpretation of the agritourism statute, R.C. 901.80, and what activities it deemed to be included therein.   Thus, the lack of any findings of fact is irrelevant and does not constitute a basis for overturning the judgment of the common pleas court.

{¶ 13} Further, the Township did not object to the transcript which the BZA filed with the court.   Nor did it attempt to supplement the record or seek a hearing.   Therefore, the Township has waived any claim of error.   *Malone v. Bd. of Zoning Appeals of Xenia Twp.*, 2d Dist. Greene No. 06-CA-62, 2007-Ohio-3812, ¶ 32; *Genesis Outdoor Advertising, Inc. v. Troy Twp. Bd. Of Zoning Appeals*, 11th Dist. Geauga No. 2001-G-

2399, 2003-Ohio-3692, ¶ 14; *Kaelorr, LLC v. West Chester Twp. Bd. of Zoning Appeals*, 12th Dist. Butler No. CA2012-03-058, 2012-Ohio-4875, ¶ 23. Further, *Leist*, 2d Dist. No. 2015-CA-86, 2016-Ohio-2960, involved an appeal by a party aggrieved by the zoning authority's failure to provide a complete record, not a Township contesting the record of its own agency.

{¶ 14} Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 15} The Township's sole assignment of error being overruled, the judgment of the common pleas court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies mailed to:

Brian E. Lusardi
Stephanie Hayden
Hon. Stephen Wolaver