[Cite as *Jones v. Bd. of Edn. of Montgomery Cty. Educational Serv. Ctr.*, 2025-Ohio-4774.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| KRIS JONES | : |
| | :    C.A. No. 30415 |
|     Appellant | : |
| | :    Trial Court Case No. 2024 CV 00623 |
| v. | : |
| | :    (Civil Appeal from Common Pleas |
| BOARD OF EDUCATION OF | :    Court) |
| MONTGOMERY COUNTY | : |
| EDUCATIONAL SERVICE CENTER | :    **FINAL JUDGMENT ENTRY &** |
| | :    **OPINION** |
|     Appellee | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 17, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and HANSEMAN, J., concur.

DAVID M. DUWEL, Attorney for Appellant
BEVERLY A. MEYER & BENJAMIN J. REEB, Attorneys for Appellee

HUFFMAN, J.

**{¶ 1}** Kris Jones appeals from the trial court's dismissal of her administrative appeal against the Board of Education of the Montgomery County Educational Service Center ("the Board") due to lack of subject matter jurisdiction. The Board had not issued a final order from which Jones could have appealed, and thus the trial court lacked subject matter jurisdiction over her action. For the reasons outlined below, we affirm the judgment of the trial court.

## I.     Background Facts and Procedural History

**{¶ 2}** In October 2023, Jones was employed in a full-time first shift non-teaching position as an administrative assistant at the Board's Early Childhood Program at Learning Center East. Based on several allegations made against her by her employer, Jones underwent a pre-disciplinary hearing, where she presented a response to the Board's allegations.

**{¶ 3}** On January 18, 2024, the Board's director of human resources mailed Jones a letter with a notice of disciplinary transfer, advising her that, although her actions provided sufficient grounds for termination of her employment, she was not being terminated but rather was being transferred to a full-time second shift custodial position at Learning Center North. On January 26, 2024, the Board's treasurer sent an email to Jones, which stated:

Good Afternoon,

Last night (1/25/24) the Montgomery County Governing Board of Education

met in open session and took action to approve your transfer. Therefore, you

are expected to report to work per the letter dated January 18, 2024, from Mrs. Stout. If you have any questions, please reach out to Marion Stout, HR Director for MCESC directly.

Thanks,

Christopher Fox

Treasurer

Montgomery County E.S.C.

{¶ 4} Jones appealed the Board's decision to the trial court, contending that she was demoted and thus allowed to appeal the Board's action demoting her. The parties disputed whether Jones had actually been demoted. The trial court issued an entry finding that pursuant to R.C. 2506.03, a hearing to gather additional evidence was necessary, and evidentiary hearings were held on two dates.

{¶ 5} Following the hearings, the trial court dismissed Jones's appeal after concluding sua sponte that absent a final order and service of notice of a final order, the court lacked subject matter jurisdiction to consider Jones's appeal. In its decision, the trial court stated that for Jones to perfect an administrative appeal, (1) the Board must have issued a final order terminating, suspending, or demoting Jones; (2) the Board must have served Jones with notice of its decision; and (3) Jones must have perfected the appeal within ten days of receipt of the notice. The court found that there was no indication in the record that the Board had issued a final order from which Jones could have perfected her appeal or that the Board had served Jones with notice of a final order. Accordingly, the court concluded that it lacked subject matter jurisdiction.

{¶ 6} Jones appealed the trial court's dismissal of her administrative appeal.

## II.    Assignments of Error

{¶ 7} On appeal, Jones asserts two assignments of error:

The Trial Court erred when it determined that it did not have jurisdiction of Plaintiff-Appellant's administrative appeal due to the lack of a final appealable order and service upon Ms. Jones.

The Trial Court erred in not remanding the case to the officer or body appealed from with instructions to enter an order, adjudication or decision pursuant to Ohio Revised Code Section 2506.08.

{¶ 8} Jones brought her administrative appeal in the trial court under R.C. 3319.081, which governs employment contracts for non-teaching public school employees. The statute allows an employee to appeal a board of education's action terminating the contract of the employee or suspending or demoting the employee. R.C. 3319.081(C). The statute requires the action of the board to be served upon the employee by certified mail, regular mail with a certificate of mailing, or other form of delivery with proof of delivery, including electronic delivery with electronic proof of delivery. *Id*. Within ten days of the employee's receipt of the board's notice, the employee may file an appeal, in writing, with the court of common pleas in the county in which the board is situated. *Id*. After hearing the appeal, the common pleas court may affirm, disaffirm, or modify the action of the board. *Id*.

{¶ 9} R.C. 3319.081, however, lacks a statutory procedure for appeals, and as a result, an appeal of a school board decision under R.C. 3319.081 is brought under R.C. Chapter 2506. *Matthews v. Springfield-Clark CTC Bd.*, 2023-Ohio-1304, ¶ 16 (2d Dist.), citing *Kiel v. Green Local School Dist. Bd. of Edn.*, 69 Ohio St.3d 149 (1994), *Robinson v. Springfield Local School Dist. Bd. of Edn.*, 144 Ohio App.3d 38, 42 (9th Dist. 2001), paragraph one of the syllabus, and *McGlinch v. Greenville City School Dist.*, 2010-Ohio-

4

2924, ¶ 9 (2d Dist.). The right to appeal from an administrative decision is not an inherent right but instead is one conferred by statute. *See Harrison v. Ohio State Medical Bd.*, 103 Ohio App.3d 317, 321 (10th Dist. 1995). When a statute confers a right to appeal, strict adherence to the statutory conditions is essential. *Holmes v. Union Gospel Press*, 64 Ohio St.2d 187, 188 (1980).

{¶ 10} In general, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code. R.C. 2506.01(A). As used in R.C. Chapter 2506, "'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person. . ." R.C. 2506.01(C). To be appealable under R.C. 2506.01, the administrative decision must be rendered in a quasi-judicial proceeding, which includes requirements of notice, a hearing, and an opportunity to introduce evidence. *Lakota Local Sch. Dist. Bd. of Educ. v. Brickner*, 108 Ohio App. 3d 637 (6th Dist. 1996).

{¶ 11} The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall generally be confined to the transcript filed under section 2506.02 of the Revised Code. R.C. 2506.03(A). The Revised Code further provides:

If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of

5

substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

R.C. 2506.08.

{¶ 12} In addition to the foregoing requirements for an administrative appeal, a trial court must have subject matter jurisdiction to hear such an appeal. Subject matter jurisdiction is the power of a court to hear and decide a case upon its merits and to provide the remedy demanded. *Morrison v. Steiner*, 32 Ohio St. 2d 86 (1972). We have held that, "'[a] court of common pleas has no jurisdiction to hear an appeal [under Chapter 2506] unless there is a final order from which to appeal.'" (Bracketed text in original.) *Leist v. Mad River Twp. Bd. of Trs.*, 2016-Ohio-2960, ¶ 6 (2d Dist.), quoting *Bench Billboard Co. v. City of Dayton,* 1992 WL 80772, *7 (2d Dist. Apr. 10, 1992).

{¶ 13} A final order by an administrative board should contain the following:

1. the case number, the applicant, and a brief description of the matter before the administrative board;

2. a designation as a final decision;

3. a clear pronouncement of the board's decision;

6

4. the signatures of the entire board, the voting majority of the board, or the signature of the clerk for the board expressly certifying that the decision constitutes the action taken by the board;

5. a date indicating when the decision was mailed to the applicant.

*Am. Aggregates Corp. v. Clay Twp.*, 1997 WL 282334, *5-6 (2d Dist. May 30, 1997). "By complying with these formalities, an administrative board ensures that the document received by the applicant clearly constitutes a final decision of the board and is, therefore, a final appealable order." *Id*. at *6.

{¶ 14} "'[T]he lack of a final appealable order goes to the issue of subject matter jurisdiction which cannot be waived and may be raised sua sponte by an appellate court.'" *Leist* at ¶ 6, quoting *Galloway v. Firelands Local School Dist. Bd. of Edn.,* 2013-Ohio-4264, ¶ 6 (9th Dist.), citing *State ex rel. Wright v. Ohio Adult Parole Auth.,* 75 Ohio St.3d 82, 84 (1996). In other words, "[b]ecause subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, citing *United States v. Cotton*, 535 U.S. 625, 630 (2002) and *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶ 15} If the trial court acts without subject matter jurisdiction, any proclamation by that court is void ab initio. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus. Thus, "[w]hen there is a lack of jurisdiction, a dismissal of the action is the only proper order." *Dilatush v. Bd. of Rev., Bureau of Unemployment Comp.,* 107 Ohio App. 551, 552-53 (2d Dist. 1959). "A trial court's decision to dismiss for lack of subject-matter jurisdiction raises questions of law; thus, an appellate court reviews the decision de novo." *DeSantis v. Estate of De Santis*, 2023-Ohio-519, ¶ 19 (7th Dist.), quoting *In re Britt*, 2015-Ohio-1605, ¶ 19 (7th Dist.), citing *Morway v. Durkin*, 2009-Ohio-932, ¶ 18 (7th Dist.).

7

{¶ 16} In the case before us, Jones concedes that the January 18th letter regarding her disciplinary transfer did not constitute a final order from the Board because it preceded the Board's January 25th hearing approving the transfer. However, Jones contends that the email sent to her by the Board's treasurer did constitute a final order because it stated the Board's decision to transfer her to another position. Jones argues that the Board's treasurer was authorized by the Board to communicate its decision to transfer her in his email and the disciplinary nature of the transfer, as set forth in the January 18th letter, was a demotion subject to administrative appeal.

{¶ 17} In its decision, the trial court provided the requirements of an administrative board's final order as set forth in *Am. Aggregates Corp.* and concluded that neither the January 18th letter from the Board's human resources director nor the email from the Board's treasurer constituted a final order. According to the court and conceded by Jones, the January 18th letter (dated before the Board's January 25th hearing) did not constitute a final order of the Board from which Jones could appeal. The January 26th email from the Board's treasurer, which Jones submits is the final order, did not include all the requirements of a final order but rather included only a date and the treasurer's name. Under these circumstances, we agree with the trial court that the absence of the necessary components of a final order of the Board defeats Jones's contention that the email from the Board's treasurer constitutes a final appealable order. Without a final order, the trial court lacked subject matter jurisdiction over Jones's administrative appeal.

{¶ 18} Jones also argues that the minutes from the Board's January 25th meeting were required to be read, modified, and approved. The trial court acknowledged that according to the record, such action did not occur. The trial court recognized that under R.C. 2506.08, it had the authority to remand the cause to the Board with instructions to enter

8

an order, adjudication, or decision. R.C. 2506.08; *Leist*, 2016-Ohio-2960, at ¶ 7-9 (2d Dist.) (remanding administrative appeal of terminated fire chief to the township board of trustees to issue a final order from which the former employee could appeal). But the trial court declined to remand the matter to the Board. The trial court explained that because it lacked subject matter jurisdiction, it could not resolve the contested issue of whether Jones was, in fact, demoted—an essential prerequisite of her right to appeal. Lacking the authority to determine the issue of Jones's alleged demotion, the trial court concluded it could not direct the Board to enter a final order or to serve notice of that order upon Jones. We agree that the trial court, lacking subject matter jurisdiction, had no authority to resolve whether Jones was demoted for the purpose of ascertaining her right to appeal. The trial court correctly declined remand of Jones's appeal to the Board for entry of a final order or service of notice of that order on Jones.

{¶ 19} Jones's assignments of error are overruled.

### III.    Conclusion

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J., and HANSEMAN, J., concur.

9